THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
THOMAS FAINE, Defendant-Appellant.

Second District    No. 79-340

Opinion filed September 16, 1980.

Mary Robinson and Elizabeth Clarke, both of State Appellate Defender's Office, of Elgin, for appellant.

Daniel D. Doyle, State's Attorney, of Rockford (Phyllis J. Perko and Marshall Stevens, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Defendant, Thomas Faine, was found guilty by a jury of murder and was sentenced to 30 years imprisonment. He appeals, contending that the trial court erred in denying his motion to suppress physical evidence and that he was improperly sentenced.

On July 14, 1978, police were sent to investigate a shooting at defendant's home. They found defendant's wife lying on the floor and the defendant kneeling over her, holding her head. One of the policemen, Officer Hanson, took the defendant into the kitchen while another officer stayed with the victim. Defendant told Officer Hanson that he and his wife had just returned home and when they entered the house they heard a shot, his wife fell on the porch and he dragged her inside. Officer Hanson asked defendant if there were any weapons in the house. Defendant said that he did have a weapon and led Officer Hanson into the southeast bedroom where he lifted up a mattress to display a weapon without a clip. Defendant stated that it was the only weapon in the house. After an ambulance transported defendant's wife to the hospital, Officer Hanson advised defendant of the *Miranda* rights and defendant was transported to the public safety building.

During this time, various other police officers arrived and Officer Hanson remained to "preserve the scene." Officer Erickson, whose duty is primarily crime scene investigation (*e.g.*, searching for and preserving evidence), arrived and made a cursory inspection of the first floor of the house (which included opening drawers) and then began taking photographs. During the course of his examination. Officer Erickson found a pair of sunglasses on the front porch. Officer Hanson assisted in the search for evidence and found a .357 magnum hand gun behind the kitchen stove. The gun was partially wrapped in a light blue cloth and was loaded. Officer Hanson was "not particularly" looking for any other injured people, as he had no information about other injuries.

The officers did not have a search warrant. Officer Hanson testified that he did not ask the defendant if he could search the premises, but the defendant did not tell him he could not search the premises, nor did the defendant object to his looking around the premises. The motion to suppress was denied, and defendant was found guilty by a jury.

Defendant contends that the trial court erred in denying his motion to suppress physical evidence. The defendant asserts that the warrantless search of his house, conducted by police within two hours of his wife's shooting, was illegal and without his consent. The State contends that the search was justified by exigent circumstances and by the defendant's implied consent.

The fourth amendment to the United States Constitution proscribes all unreasonable searches and seizures. Searches conducted without a

warrant are held to be per se unreasonable, unless they come within certain established exceptions. (*Mincey v. Arizona* (1978), 437 U.S. 385, 57 L. Ed. 2d 290, 98 S. Ct. 2408; *People v. Rinaldo* (1980), 80 Ill. App. 3d 433, 399 N.E.2d 1027.) Defendant contends that *Mincey* is dispositive of this case. The trial court, however, found that *Mincey* was inapplicable to these facts, as the warrantless search here was made in response to exigent circumstances. The trial court in this case also noted that the search conducted in *Mincey* was much more extensive and intrusive than the search conducted in the present case.

In *Mincey*, an undercover police officer was shot and killed during a narcotics raid on the petitioner's apartment. Homicide detectives who subsequently arrived on the scene conducted an exhaustive 4-day warrantless search of the apartment which included opening drawers and ripping up carpet, which resulted in the seizure of 200 to 300 items. The United States Supreme Court held that there was no "murder scene" exception to the general requirement that searches be made pursuant to a warrant absent exigent circumstances. The court declined to hold, as Arizona had urged, that the seriousness of the offense under investigation itself creates exigent circumstances of the kind that under the fourth amendment justifies a warrantless search. The court in *Mincey* noted that there was no indication that evidence would be destroyed during the time needed to get a warrant or that a search warrant could not be easily obtained; however, the court recognized that the fourth amendment does not bar warrantless entries and searches when it is thought that a person might be in need of immediate aid, or when there is a possibility that a killer or other victims are still on the premises. None of these circumstances were present in the *Mincey* case.

■■ In our opinion, the principle articulated by the United States Supreme Court in *Mincey* is applicable to the circumstances of the present case. It is true that the search in *Mincey* was an exhaustive 4-day search, while the search in this case took less than two hours. However, it was the nature of the search—a warrantless search absent exigent circumstances—which led the United States Supreme Court in *Mincey* to conclude that the search was violative of the fourth amendment. In the case at bar, the search is of a similar nature to the *Mincey* search. There was no indication that the officers were looking for other victims or the killer; the defendant had been taken to the Rockford public safety building; and the police had secured the house so that there was no danger that evidence would be lost, destroyed or concealed. Further, there was no indication that a warrant could not have been easily obtained. Drawers in the kitchen and possibly other rooms were opened. Therefore, it appears that the warrantless search in this case cannot be justified by the presence of exigent circumstances in addition to the homicide which had occurred.

The State argues that a more closely analogous case is *Michigan v. Tyler* (1978), 436 U.S. 499, 56 L. Ed. 2d 486, 98 S. Ct. 1942. In *Tyler*, the court upheld a warrantless entry to investigate the cause of a fire, finding that a burning building presents an exigency which renders a warrantless entry reasonable and that once in the building, fire officials may remain for a reasonable time to investigate and seize evidence in plain view. Thereafter, however, warrantless entries are not reasonable. However, *Tyler*, is inapplicable here as the search in this case included more than seizing items in plain view. Drawers were opened and the hand gun seized was found behind the stove.

■■ It is true that the photographic exhibits show that the gun, even though behind the stove and partially covered by the cloth, was visible to a person standing or walking next to the stove, as Officer Hanson was at the time he initially took defendant into the kitchen. However, the record does not indicate that the gun was seen at that time. Rather, it shows that police had expressly begun a search of the premises to find evidence and that the gun was found during this search about an hour and fifteen minutes after police first arrived at the house. At this time it cannot be said that the gun was in "plain view," since a fundamental part of that doctrine requires that the officer seizing the object must have a right to be in that position. (*People v. Wright* (1968), 41 Ill. 2d 170, 242 N.E.2d 180, *cert. denied* (1969), 395 U.S. 933, 23 L. Ed. 2d 448, 89 S. Ct. 1993.) Since the police were conducting a warrantless search without the presence of exigent circumstances the inescapable conclusion is that they had no right to be in the position they were when the gun was seized; there being no other basis on which to allow the warrantless search, the admission of the gun into evidence was error and was clearly prejudicial to defendant. He accordingly must be given a new trial free of such error.

■■ The State also argues that defendant, by his actions, consented to the search. Defendant never expressly consented to the search, although he did not object. However, asking the officers to help his wife and leading them to one weapon and to his wife's purse in response to specific questions does not persuade us that there was a consent to a warrantless search of the magnitude conducted here.

■■ Therefore, as to the hand gun, the trial court erred in denying defendant's motion to suppress, as it was found during a warrantless search made without the defendant's consent and was not in response to exigent circumstances. The sunglasses which the defendant also sought to exclude were found in plain view on the front porch where police had a right to be to secure the house and their admission into evidence was not improper.

Accordingly, defendant's conviction is reversed and the cause is remanded for a new trial which excludes the hand gun seized during the warrantless search of the defendant's house. In light of our decision on this

issue, we need not address the question of whether defendant was properly sentenced.

Reversed and remanded.

UNVERZAGT and VAN DEUSEN, JJ., concur.