THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM BOEHM, Defendant-Appellant.

Second District    No. 79-394

Opinion filed October 15, 1980.

Mary Robinson and Marilyn Martin, both of State Appellate Defender's Office, of Elgin, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Robert L. Thompson, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Defendant, William Boehm, was tried for unlawful possession of less than 30 grams of a controlled substance, one count of burglary, and two counts of theft. In a bench trial, he was found guilty only of the unlawful possession charge and was sentenced to five years imprisonment. On appeal he contends: (1) that the trial court erred by not granting his motion to suppress evidence obtained from his person during a search incident to his arrest; and (2) that the State failed to prove the chain of custody of this evidence beyond a reasonable doubt.

About 11:15 p.m. on July 19, 1978, six or seven Addison police went to an apartment to execute a search warrant for items taken in a recent burglary. No one was home, and they were admitted to the apartment by the manager of the complex. In searching the premises they found several of the items described in the warrant. The lessee and a friend returned home at about midnight, were shown the search warrant and given the *Miranda* warnings. Police showed them the items recovered from the burglary; the lessee stated that the items were not hers, but that they might belong to defendant, who had been living in the apartment for the past month, or perhaps to a friend of defendant's whom she knew as "Chips," and who had stayed in the apartment for the previous three or four nights. The lessee showed police where defendant was allowed to keep his possessions and these were the areas in which police had found the burglarized items. She also described defendant as being about six feet tall, slender, and having dark blonde hair. About 12:30 or 1 a.m. on July 20, lessee and her friend were taken to the police station. Two of the police remained inside the apartment to arrest defendant; the others left the apartment. The decision to have the two police remain in the apartment was based on the information from the lessee and the fact that the burglarized items were found in areas which defendant used. Defendant and a friend arrived at the apartment about 2 a.m. and were arrested

when they entered. In a search incident to the arrest, police found items on defendant's person which were determined to be a controlled substance.

■■■ Defendant contends that the trial court erred in denying his motion to suppress the evidence found as a result of the search incident to his arrest because, having completed the execution of the search warrant, police had no authority to remain in the apartment for the purpose of arresting the defendant and that absent exigent circumstances police may not make a warrantless arrest in private premises. The police officers testified that they had completed the search and that they remained not for further investigation but rather to arrest defendant. It is now clear that a warrantless, nonexigent entry of a private residence, for the purpose of making a felony arrest, is unconstitutional. (*Payton v. New York* (1980), 445 U.S. 573, 63 L. Ed. 2d 639, 100 S. Ct. 1371; *People v. Abney* (1980), 81 Ill. 2d 159, 407 N.E.2d 543; *People v. Wilson* (1980), 86 Ill. App. 3d 637, 408 N.E.2d 988.) We see no distinction between a nonexigent entry and a nonexigent remaining on the premises and conclude that the *Payton* rule should apply here.

■■■ The State responds that the lessee impliedly consented to have the police remain because she did not object to it. Failure to object to a search does not equal consent to a search (*People v. Baughman* (1977), 47 Ill. App. 3d 209, 361 N.E.2d 1149; *People v. Faine* (1980), 88 Ill. App. 3d 387, 410 N.E.2d 617), and the same principle should apply to whether police are to remain in private premises. The State additionally indicates that lessee's father asked to have the police remain and that lessee had told police that defendant would be returning shortly. The lessee's father's name did not appear on the lease and he was not, simply by his family relationship, entitled to consent to the presence of police in his 24-year-old daughter's apartment (*People v. Weinstein* (1968), 105 Ill. App. 2d 1, 245 N.E.2d 788); also, he testified that he did not recall making such a request. As to when defendant would return, one of the police who remained in the apartment testified that they were staying until they could determine defendant's whereabouts and to arrest him when he returned. The other officer testified that they stayed to await defendant's return and to "secure" the apartment. Although neither officer stated that defendant was expected soon, a third policeman did so testify; in any event, even if defendant were expected to return soon there is no indication as to why police could not have waited in a place where they were allowed to be, rather than inside the apartment. The State also contends that all that is needed to make an arrest is that the police have reasonable grounds to believe that a person is committing or has committed an offense. (Ill. Rev. Stat. 1979, ch. 38, par. 107—2(c).) Assuming, arguendo, that there were

reasonable grounds for arrest, it is our opinion that the authority to make an otherwise lawful arrest must be limited by the constitutional requirements set forth in *Payton* and its progeny. For these reasons, the evidence should have been suppressed and the conviction must be reversed. In light of the nature of our decision, there is no need to comment on the issue in regard to the chain of custody of the evidence, and since defendant could not be convicted of possession of a controlled substance without the evidence of the controlled substance itself, there is no need to remand the case.

Reversed.

SEIDENFELD, P. J., and LINDBERG, J., concur.