THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
THOMAS ANNERINO, Defendant-Appellee.

First District (1st Division)    No. 80-1890

Opinion filed June 8, 1981.

Richard M. Daley, State's Attorney, of Chicago (Marcia B. Orr and Pamela L. Gray, Assistant State's Attorneys, of counsel), for the People.

Blair I. Braverman, of Barnett, Ettinger, Glass, Berkson & Braverman, Ltd., of Oak Lawn, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

The defendant was charged with possession and possession with intent to deliver more than 500 grams of marijuana. Defendant was also charged with several other offenses involving controlled substances. The State appeals from an order of the trial court sustaining the motion of defendant to suppress the marijuana. (Ill. Rev. Stat. 1979, ch. 110A, par. 604(a)(1).) The sole issue presented for review is whether the trial court erred in suppressing the evidence.

The evidence adduced at the suppression hearing shows that on September 22, 1979, defendant came to the Oak Lawn police station to report that a person had been fatally shot in his house. Oak Lawn Police Chief John Haberkorn testified that he responded to defendant's call for assistance. Upon arriving at defendant's residence, the police secured the crime area. At this time Chief Haberkorn observed the victim lying in a pool of blood on the kitchen floor, and he also viewed a bullet hole in the baseboard of the kitchen wall. Chief Haberkorn stated that he and Oak Lawn Captain Frank Gilbert then proceeded to the crawl space which was located underneath the kitchen in order to obtain the projectile. The officers discovered several large plastic bags containing marijuana after they entered the crawl space through a small door in the lower level of the

house. The projectile was recovered by the police officers in a heat duct located in the crawl space.

The State contends that the trial court erred in granting defendant's motion to suppress the marijuana found in the crawl space of his house, since defendant's actions indicated that he consented to the search and because the police officers were merely searching the premises for the victim's assailant when they observed the contraband in plain view. We disagree.

It is well established that a warrantless entry into private premises by law enforcement officials may be legal when there is a compelling need for official action and no time to secure a warrant. (*Michigan v. Tyler* (1978), 436 U.S. 499, 56 L. Ed. 2d 486, 98 S. Ct. 1942; see discussion in *People v. Abney* (1980), 81 Ill. 2d 159, 407 N.E.2d 543.) When the police come upon the scene of a homicide, they may make a prompt warrantless search of the area to determine whether there are other victims or suspects on the premises, and any items that are in plain view may be lawfully seized. *Mincey v. Arizona* (1978), 437 U.S. 385, 57 L. Ed. 2d 290, 98 S. Ct. 2408; *People v. Lewis* (1979), 75 Ill. App. 3d 259, 393 N.E.2d 1098.

Recently, the Second District Appellate Court in *People v. Faine* (1980), 88 Ill. App. 3d 387, 410 N.E.2d 617, was presented with a similar situation as in the instant case. In *Faine*, the police were sent to investigate a shooting in the defendant's house. Upon arriving at the scene, they observed defendant kneeling over his wife who was lying on the floor. Defendant and his wife were subsequently transported from the crime area. After conducting a warrantless search of the premises, the police found a handgun wrapped in a cloth behind defendant's kitchen stove. The court in *Faine*, relying on the principles articulated by the United States Supreme Court in *Mincey v. Arizona*, determined that the warrantless search was not justified by the presence of exigent circumstances since there was no showing that the officers were looking for other victims or the killer; the defendant was not present at the crime scene; and there was no danger present that evidence would be lost or destroyed.

Here, as in *Faine*, there was no indication that the officers were looking for other victims or the victims' assailant. In fact, contrary to the State's argument, Chief Haberkorn admitted that their presence in the crawl space was merely to recover the bullet fragment which was found inside the heat duct located in the crawl space. The record shows that the police had secured the premises so that no evidence would be lost, destroyed or concealed. Furthermore, there was no indication that a warrant could not have easily been obtained.

The State also maintains that defendant, by his actions, consented to the search inside his house. However, defendant never expressly con-

sented to the search. Nor do we find that defendant consented to a warrantless search of his crawl space by requesting police assistance in removing the victim from his kitchen. Therefore, in the absence of consent or exigent circumstances, we must conclude that the warrantless search and seizure of evidence in the crawl space was violative of defendant's constitutional rights.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

GOLDBERG and O'CONNOR, JJ., concur.