THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JOHN WETHERBE, Defendant-Appellee.

Second District   No. 83—245

Opinion filed March 26, 1984.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Barbara A. Preiner and Diana Fischer-Woods, Assistant State's Attorneys, of counsel), for

the People.

James F. Campion, of Wheaton, for appellee.

PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Defendant, John Wetherbe, was charged with criminal damage to property, criminal trespass to land, and three counts of burglary. Prior to trial, defendant moved to suppress evidence obtained in a search of his car, contending that the search was the result of an illegal arrest. Following a hearing the trial court granted defendant's motion, and the State appeals.

The evidence presented at the hearing on defendant's motion indicated that, on January 28, 1982, at approximately 2 a.m., defendant was driving his car in the vicinity of Prince Crossing Road and North Avenue. Defendant was accompanied by Willard Large. Defendant turned into a construction site for the asserted purpose of visiting a friend who lived and worked there. Upon observing defendant's automobile, Deputy Dennis Guzlas of the Du Page County sheriff's department, turned into the access road which led to the buildings and waited. When defendant's vehicle exited, Guzlas activated his lights and defendant stopped. Guzlas then noticed that defendant's license plates were expired. When Guzlas requested identification from defendant, defendant was unable to produce his driver's license, but told Guzlas his name. Guzlas recognized defendant's name as a suspect in some thefts in the area and recognized Large as a suspected burglar and thief.

Defendant and Large exited the automobile and were patted down. Guzlas then looked inside the car and observed a case of new toothbrushes, several sets of used brake shoes, a truck reflector kit, and some small hand tools. Defendant and Large were arrested for criminal trespass to land. Consequently, Guzlas called a tow truck to take custody of defendant's vehicle. Before the tow truck arrived, Guzlas inventoried the contents of defendant's automobile. In the course of the inventory, Guzlas opened defendant's trunk and found radios and other electronic equipment which appeared to be stolen.

The trial court concluded that the inventory procedure was in fact an investigatory search and suppressed the items found in the search. After its motion for reconsideration was denied, the State appealed, certifying that the trial court's order substantially impaired the prosecution.

The State contends that the officers were justified in the search

either on the basis of probable cause, as incident to a valid arrest, or for the purpose of an inventory.

Under the fourth amendment's prohibition against unreasonable searches and seizures, a warrant is required before an automobile may be searched, unless the search was made with consent, upon probable cause to believe that the vehicle was used in or contains evidence of a crime, as an incident to an arrest, or after lawful impoundment of the car. *People v. Bayles* (1980), 82 Ill. 2d 128, 135, *cert. denied* (1981), 453 U.S. 923, 69 L. Ed. 2d 1005, 101 S. Ct. 3160.

## I

■■ If the search had been made on the basis of probable cause, Guzlas would have been able to search the entire vehicle, including the trunk (*United States v. Ross* (1982), 456 U.S. 798, 821, 72 L. Ed. 2d 572, 591, 102 S. Ct. 2157, 2170; *People v. Freeland* (1981), 103 Ill. App. 3d 94), even after Guzlas had taken custody of the car (*Michigan v. Thomas* (1982), 458 U.S. 259, 261, 73 L. Ed. 2d 750, 753, 102 S. Ct. 3079, 3081; *People v. Freeland* (1981), 103 Ill. App. 3d 94), and regardless of the validity of defendant's arrest. (*Chambers v. Maroney* (1970), 399 U.S. 42, 47 n.6, 26 L. Ed. 2d 419, 426 n.6, 90 S. Ct. 1975, 1979 n.6.) However, as the State did not claim at trial that the search was based on probable cause, this ground has been waived as a basis for justifying the search. (*People v. Fuentes* (1980), 91 Ill. App. 3d 71, 77; *People v. Valdez* (1980), 81 Ill. App. 3d 25, 28.) In any event, on the basis of this record, the circumstances would not have given Guzlas probable cause to believe that defendant's automobile contained evidence of a crime. (Compare *People v. Smith* (1983), 95 Ill. 2d 412; *People v. Clark* (1982), 92 Ill. 2d 96.) While Guzlas was confronted with suspicious circumstances, there was no attempt in the trial court to develop a theory that Guzlas had any reasonable basis for concluding that the vehicle contained evidence of a criminal offense. The traffic violations which Guzlas observed, expired license plates and defendant's inability to produce his driver's license (Ill. Rev. Stat. 1981, ch. 95½, pars. 3—701, 6—112), would not create probable cause for a search of the car. *People v. Kelly* (1979), 76 Ill. App. 3d 80, 85; see *People v. Watts* (1981), 93 Ill. App. 3d 420, 425.

## II

When a person is subjected to a lawful custodial arrest, the police, acting without a warrant, may make a contemporaneous search of the person arrested and the immediately surrounding area. (*New York v. Belton* (1981), 453 U.S. 454, 69 L. Ed. 2d 768, 101 S. Ct. 2860.) Be-

cause it is the fact of a lawful arrest which authorizes the search, the arrest itself must be valid before a search may be justified as incident to arrest. (*Beck v. Ohio* (1964), 379 U.S. 89, 13 L. Ed. 2d 142, 85 S. Ct. 223; *People v. Mendoza* (1978), 62 Ill. App. 3d 609, 622; see *Michigan v. DeFillippo* (1979), 443 U.S. 31, 35, 61 L. Ed. 2d 343, 348, 99 S. Ct. 2627, 2631.) Defendant contends that his arrest for criminal trespass to land was unlawful, as there was no showing that defendant had been notified that entry was forbidden.

The offense of criminal trespass to land involves entry onto the land of another after the owner has notified the offender, by either personal communication or a sign conspicuously posted on the land, that entry is forbidden. (Ill. Rev. Stat. 1981, ch. 38, par. 21—3; *People v. Gregorich* (1979), 71 Ill. App. 3d 251, 256.) Here, although the owner was in the process of building a fence, the site was not fenced and there were no signs prohibiting entry. There is no indication of any personal communication between the owner and defendant. Consequently, defendant could not be convicted of criminal trespass to land. See Ill. Rev. Stat. 1981, ch. 38, par. 21—3; *People v. Gregorich* (1979), 71 Ill. App. 3d 251, 256.

This fact, however, is not determinative of the validity of defendant's arrest. The legality of an arrest does not depend upon whether the suspect actually committed a crime (*Michigan v. DeFillippo* (1979), 443 U.S. 31, 61 L. Ed. 2d 343, 99 S. Ct. 2627; *People v. Jackson* (1979), 77 Ill. App. 3d 117, 122-23); or is prosecuted for the offense for which the arrest was made. (*People v. Jones* (1977), 56 Ill. App. 3d 414, 417.) Rather, a warrantless arrest is valid if the arresting officer has probable cause to believe that the person to be arrested is committing or has committed a crime. (Ill. Rev. Stat. 1981, ch. 38, par. 107—2; *People v. Jones* (1983), 114 Ill. App. 3d 576, 581.) This depends upon whether the facts and circumstances known to the officer at the time are sufficient to warrant a reasonable person in believing that a crime has been committed and that the person arrested has committed it. (*People v. Moody* (1983), 94 Ill. 2d 1, 7.) As such, probable cause is a determination based on factual and practical considerations, rather than legal technicalities, and does not require that the police have evidence sufficient to obtain a conviction. *People v. Moody* (1981), 94 Ill. 2d 1; see *Beck v. Ohio* (1964), 379 U.S. 89, 13 L. Ed. 2d 142, 85 S. Ct. 223.

■ Applying these principles here, probable cause could be found to justify defendant's arrest. Guzlas knew, from prior conversations with the property owner, that there had been problems with prowlers and vandals at the construction site. The owner had expressly re-

quested that the police patrol the area and keep trespassers away. The time of day and the unlikely explanation given by defendant and Large for their presence suggested that the two men were not on the land for a legitimate purpose. Although the officer's subjective belief that an offense has been committed is insufficient (*Beck v. Ohio* (1964), 379 U.S. 89, 13 L. Ed. 2d 142, 85 S. Ct. 223), the circumstances here are such as to warrant a reasonable person in believing that defendant had committed the offense of criminal trespass to land, so as to satisfy the probable cause standard, despite the lack of the notice required by the statute.

■ Assuming the legitimacy of defendant's arrest, however, does not sustain the search as incident to arrest. The permissible scope of a search incident to arrest must be limited to the circumstances which permit the initiation of the search. (*New York v. Belton* (1981), 453 U.S. 454, 69 L. Ed. 2d 768, 101 S. Ct. 2860.) Incident to an arrest, the police may search the person of the arrestee and the area within his or her immediate control in order to remove any weapons which the arrestee might seek to use and to prevent him or her from concealing or destroying evidence. (453 U.S. 454, 69 L. Ed. 2d 768, 101 S. Ct. 2860.) Police may not extend their search into places which are clearly beyond the arrestee's control. (453 U.S. 454, 69 L. Ed. 2d 768, 101 S. Ct. 2860.) While the area within the arrestee's control has been construed to include the entire passenger compartment of an automobile in which the arrestee was recently riding (*New York v. Belton* (1981), 453 U.S. 454, 69 L. Ed. 2d 768, 191 S. Ct. 2860), the search of an automobile incident to the arrest of its driver cannot extend to the trunk, under the circumstances here. 453 U.S. 454, 460 n.4, 69 L. Ed. 2d 768, 775 n.4, 101 S. Ct. 2860, 2864 n.4.

III

The remaining possible basis for justifying this search would be to characterize it as an inventory. An inventory of an automobile lawfully taken into police custody is constitutionally permissible. (*South Dakota v. Opperman* (1976), 428 U.S. 364, 374, 49 L. Ed. 2d 1000, 1008, 96 S. Ct. 3092, 3099; *People v. Velleff* (1981), 94 Ill. App. 3d 820, 823.) Although there is a split in the authorities over whether an otherwise legitimate inventory may extend to the trunk of a car (see 2 LaFave, Search and Seizure sec. 7.4(a), 578-79 (1978), 221-22 n.66-68 (1984 Supp.); Annot., 48 A.L.R.3d 537, 577-80 (1973), 37-38 (1983 Supp.)), the better view appears to permit inventorying the trunk, as this is consistent with the purposes of an inventory procedure. (*State v. Prober* (1980), 98 Wis. 2d 345,297 N.W.2d 1; see *Michigan v. Thomas*

(1982), 458 U.S. 259, 261, 73 L. Ed. 2d 750, 753, 102 S. Ct. 3079, 3081.) An inventory is permitted as a reasonable intrusion because it serves the purposes of protecting the owner's property while in police custody, protecting the police against claims against lost or stolen property, and protecting the police from potential danger. (*South Dakota v. Opperman* (1976), 428 U.S. 364, 49 L. Ed. 2d 1000, 96 S. Ct. 3092.) Given this rationale, probable cause is not a consideration in inventory procedures (428 U.S. 364, 369, 49 L. Ed. 2d 1000, 1005, 96 S. Ct. 3092, 3097; *People v. Hamilton* (1979), 74 Ill. 2d 457, 464), nor is it always necessary that the inventory be made in conjunction with a lawful arrest. (74 Ill. 2d 457, 464-65.) However, an inventory cannot be undertaken for a simply investigatory purpose or other improper motive. *People v. Bayles* (1980), 82 Ill. 2d 128, 142, *cert. denied* (1981), 453 U.S. 923, 69 L. Ed. 2d 1005, 101 S. Ct. 3160; *People v. Hamilton* (1979), 74 Ill. 2d 457, 466-67; *People v. Reincke* (1980), 84 Ill. App. 3d 222. See *People v. Salter* (1980), 91 Ill. App. 3d 831.

■ The trial court found that Guzlas acted pursuant to an investigatory motive and that the inventory was a sham. This finding must be upheld unless it is manifestly erroneous. (*People v. Clark* (1982), 92 Ill. 2d 96, 99.) Under the circumstances of this case, the trial court's conclusion does not appear manifestly erroneous. The fact that Guzlas testified that he followed a departmental policy to inventory all towed vehicles to avoid civil claims, while suggesting a reasonable intrusion, is not conclusive. (*People v. Salter* (1980), 91 Ill. App. 3d 831, 834.) Moreover, the record strongly suggests that Guzlas acted from an investigatory motive, as the trial court concluded, rather than from purposes which would justify an inventory. See *People v. Hamilton* (1979), 74 Ill. 2d 457, 466-67. Compare *People v. Braasch* (1984), 122 Ill. App. 3d 747.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

UNVERZAGT and NASH, JJ., concur.