In the
United States Court of Appeals
For the Seventh Circuit

No. 99-3063

United States of America,

Plaintiff-Appellee,

v.

Tunji Kincaid,

Defendant-Appellant.

Appeal from the United States District Court
for the Central District of Illinois.
No. 98 CR 30090--Jeanne E. Scott, Judge.

Argued April 10, 2000--Decided May 16, 2000

Before Easterbrook, Kanne and Rovner, Circuit Judges.

Kanne, Circuit Judge.  In September 1998, Tunji Kincaid was arrested for criminal trespass to land after he parked his stalled car in the driveway of a vacant residence owned by Jack Childress. Incident to his arrest, his car was searched and 12.4 grams of crack cocaine and a crack pipe were found. On this basis, Kincaid was indicted for possession of cocaine with intent to distribute, pursuant to 21 U.S.C. sec.sec. 841(a)(1), (b)(1)(B).

Kincaid moved to suppress the evidence found in his car because the arresting officer lacked probable cause to make the criminal trespass arrest. The district court denied this motion, and Kincaid subsequently pleaded guilty to the cocaine possession charge against him. Kincaid appeals the denial of the motion to suppress, again claiming that the arresting officer lacked probable cause to make the arrest. We affirm the decision of the district court.

I.  History

Between 8:00 and 9:00 on the morning of September 15, 1998, Kincaid was driving south on 13th Street in Springfield, Illinois, when his Chevrolet Caprice Classic stalled. Kincaid pulled

off the road and parked in the driveway of a vacant residence at 902 South 13th Street. This residence was owned by Jack Childress. Kincaid left the car and raised the hood. He found that one of the battery cables had come loose from its post and attempted to re-attach it.

The vacant residence included a residential duplex, which Childress was in the process of remodeling, with an attached garage. On the garage, Childress had posted a "No Trespassing" sign as a result of a pair of break-ins to the residence. Childress's property extends from the garage and duplex to a sidewalk, a distance of about twenty feet. The sidewalk and the grass strip beyond the sidewalk, which together span about thirteen feet, are public property. Therefore, the driveway on this property is owned in part by Childress, up to the sidewalk, and in part by the public. Immediately beside the "No Trespassing" sign is another sign, which read "Sparkle Automotive Repairs," but no such business existed in September 1998. Kincaid and the government dispute whether Kincaid's car was parked entirely, or at all, on Childress's property, and the parties also dispute whether Kincaid had to enter Childress's property to inspect his car engine.

Officer Larry Stelivan of the Springfield Police Department had patrolled the surrounding neighborhood for much of his twenty-year career. After the break-ins occurred at his 13th Street property, Childress informed Stelivan that unwanted people often loitered on the property without permission and asked Stelivan to attempt to keep everyone, with the exception of Childress's son, off the property. Stelivan agreed to this request and subsequently told numerous individuals that they were not allowed on Childress's property without permission. Stelivan stated that he was familiar with Kincaid and specifically told Kincaid before September 15, 1998, that he was not allowed on Childress's property.

Officer Stelivan was on patrol on the morning of September 15, 1998, when he saw Kincaid's vehicle parked in Childress's driveway. Stelivan believed that the car was parked in the private portion of the driveway, and he saw Kincaid standing beside the car, near the garage. Stelivan stopped and asked Kincaid what he was doing on Childress's property. Kincaid replied that his car had stalled. As Stelivan parked his car to help Kincaid, Stelivan saw another man, Manual Pitts, run from the area. Stelivan approached Kincaid's car, and Kincaid showed him that the battery cable was loose. Kincaid was attempting to tighten the battery cable clamp,

but he needed pliers to do so properly.

Kincaid attempted to borrow a pair of pliers from a neighbor, Mary Burns, but Burns refused. Without pliers, Kincaid was unable to fix the car. Because of the loose battery cable, the car would start but would not keep running. Stelivan helped Kincaid move the car off of Childress's property and onto the street, then Stelivan arrested Kincaid for criminal trespass. Kincaid was transported to county jail. Subsequent to his arrest, police officers searched his car and found 12.4 grams of crack cocaine and a crack pipe.

On November 9, 1998, Kincaid was indicted for possession of a controlled substance with an intent to distribute, in violation of 21 U.S.C. sec. 841(a)(1). On January 26, 1999, Kincaid filed a motion to suppress on the ground that Stelivan lacked probable cause when he arrested Kincaid for criminal trespass. In his motion, Kincaid argued that Stelivan lacked probable cause to arrest him for trespass because Kincaid never entered Childress's property and because Kincaid lacked prior notice. In his motion and at the subsequent hearing held on February 8, 1999, Kincaid claimed that he had been on public property at all times and that notice was insufficient because Stelivan failed to ask Kincaid whether he had received permission to be on the property. However, the district court credited Stelivan's testimony that he had provided notice to Kincaid prior to September 15, 1998, that he was not permitted to enter the property and Stelivan's testimony that Kincaid had actually entered portions of Childress's property. On this basis, the district court determined that Stelivan had probable cause and authority to make the arrest and denied Kincaid's motion to suppress.

On April 5, 1999, Kincaid pleaded guilty to the charge of possession of a controlled substance with intent to distribute, but he reserved the right, pursuant to Fed. R. Crim. P. 11(a)(2), to challenge the district court's denial of his motion to suppress. Kincaid was sentenced as a career offender to 282 months imprisonment, followed by eight years supervised release.

II. Analysis

On appeal, Kincaid presents three arguments in support of his contention that Stelivan lacked probable cause to arrest him for criminal trespass. First, he argues that the district court erred in finding that Kincaid had sufficient notice to meet the requirements of the Illinois criminal trespass statute. 720 Ill.

Comp. Stat. 5/21-3(a)(2). Second, he contends that the court erred in finding that Kincaid had actually entered Childress's property. Third, Kincaid argues that Stelivan lacked probable cause to arrest him because the Illinois criminal trespass statute carves out an exception to criminal trespass under emergency circumstances. 720 Ill. Comp. Stat. 5/21-3(f). We review de novo a district court's determination of probable cause. See United States v. Scheets, 188 F.3d 829, 835-36 (7th Cir. 1999); United States v. McKinney, 143 F.3d 325, 328 (7th Cir. 1998). However, when we review the district court's denial of a motion to suppress, we review de novo questions of law, and we review for clear error questions of fact. See United States v. Strache, 202 F.3d 980, 984-85 (7th Cir. 2000); Scheets, 188 F.3d at 836.

The Fourth Amendment preserves "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. However, "[a]n arrest conforms to the requirements of the Fourth Amendment 'so long as the police are doing no more than they are legally permitted and objectively authorized to do.'" United States v. Woody, 55 F.3d 1257, 1268 (7th Cir. 1995) (citations omitted). Therefore, there will be no Fourth Amendment violation in a search incident to arrest where the arresting officer is authorized by state or municipal law to effect a custodial arrest and the officer has probable cause to make such arrest. See id. Here both parties agree that Stelivan was authorized to arrest Kincaid, and the relevant dispute focuses instead on whether there was probable cause to arrest Kincaid for criminal trespass. Probable cause for an arrest exists when a person could reasonably believe, in light of the facts and circumstances within the knowledge of the arresting officer at the time of the arrest, that the suspect had committed or was committing an offense. See Booker v. Ward, 94 F.3d 1052, 1057 (7th Cir. 1996).

A.  Criminal Trespass

Illinois's criminal trespass to land statute provides that "[w]hoever . . . enters upon the land of another, after receiving, prior to such entry, notice from the owner or occupant that such entry is forbidden . . . commits a Class B misdemeanor." 720 Ill. Comp. Stat. 5/21-3(a)(2); see People v. Flanagan, 478 N.E.2d 666, 667 (Ill. App. Ct. 1985). If we conclude that a prudent person in light of the facts and circumstances known by Stelivan on September 15, 1998, would have believed that Kincaid both had entered Childress's property and had notice that he was

not allowed to do so, we will conclude that Stelivan had probable cause to arrest Kincaid.

Kincaid first questions whether a prudent person would have believed that he had prior notice that he was not allowed on Childress's driveway. A person has received notice if "he has been notified personally, either orally or in writing" or "if a printed or written notice forbidding such entry has been conspicuously posted or exhibited at the main entrance to such land or the forbidden part thereof." 720 Ill. Comp. Stat. 5/21-3(b). Kincaid argues that the "No Trespassing" sign posted on the garage door was not posted at the "main entrance" to Childress's property. In addition, he notes that the adjoining property, which shared a single driveway, posted a sign for a business, "Sparkle Automotive Repairs." On these grounds, Kincaid contends that a reasonable person would not obtain notice from the "No Trespassing" sign, as one might reasonably infer that the sign referenced only the "forbidden part" of Childress's property, the garage.

However, the district court based its finding of probable cause on both this posted notice and its finding of fact that Kincaid had received prior oral notice from Stelivan that he was not allowed on Childress's property. Stelivan testified that, pursuant to Childress's request, he told many people, including Kincaid, that they were not allowed to stand around on Childress's property. Kincaid does not dispute that Childress had previously warned him against standing around on Childress's property, but he contends that this notice does not constitute proper notice that using the driveway to perform emergency repairs on his car was forbidden. We find this argument unavailing.

The relevant probable cause inquiry on the question of notice is whether a reasonable person in Stelivan's position would infer notice onto Kincaid, that is whether Stelivan had reasonable grounds to believe that Kincaid received the notice, not whether Kincaid believed such notice had been given. See Dutton v. Roo-Mac, Inc., 426 N.E.2d 604, 607 (Ill. App. Ct. 1981). The district court found that Stelivan had previously warned Kincaid against standing around on Childress's property. The court held that a prudent person would have believed that Kincaid had prior notice that he was not allowed to be on Childress's driveway. Direct evidence of a defendant's prior notice is dispositive as to whether a reasonable person would believe that the defendant had received notice.

Moreover, at least one Illinois court has found

probable cause for a criminal trespass arrest without direct evidence of notice. In People v. Wetherbe, 462 N.E.2d 1, 5 (Ill. App. Ct. 1984), the court concluded that the arresting officer had probable cause to make a criminal trespass arrest without any evidence of prior notice, when the arrest was based on prior request of the owner that prowlers be kept away, the presence of individuals on the property at an unusual hour and these individuals' "unlikely explanation" for their presence. Here, in contrast, the court had credible evidence that, at the time of arrest, Stelivan knew that Kincaid had been given prior notice.

Kincaid also contends that Stelivan lacked probable cause to make an arrest because a reasonable person would not necessarily have believed that Kincaid had actually entered Childress's property. Kincaid states that he never actually entered Childress's property. Instead, he claims he remained at all times on the driveway before the end of the sidewalk, which is on public property. However, Stelivan testified that when he first saw Kincaid, both Kincaid and his car were on Childress's property, and for purposes of establishing probable cause, a reasonable person must consider not whether Kincaid actually entered the property, but whether Stelivan reasonably believed that he did. The district court credited Stelivan's testimony that he had seen Kincaid on the property, and from this testimony found that a reasonable person would have believed that Kincaid had entered onto Childress's property and was, by so doing, committing a crime. On the basis of Stelivan's testimony, we find no error in this aspect of the district court's probable cause analysis.

B.  Emergency Exception

Finally, Kincaid contends that Stelivan lacked probable cause to arrest Kincaid because the criminal trespass statute decriminalizes an otherwise illegal entry made under emergency circumstances. According to Kincaid, a reasonable person would consider Kincaid's situation to be an emergency, and Stelivan could not have reasonably believed that Kincaid was committing a crime by entering Childress's property and should not have arrested him for doing so. However, Kincaid failed to raise this issue in his motion to suppress or before the district court at its hearing on the motion, and he has forfeited his right to appeal this issue. Therefore, we review only for plain error. See United States v. Brookins, 52 F.3d 615, 623 (7th Cir. 1995); United States v. Clark, 943 F.2d 775, 784 (7th Cir. 1991). Plain error review allows us

"to correct only 'particularly egregious errors' for the purposes of preventing a miscarriage of justice." United States v. Franklin, 197 F.3d 266, 270 (7th Cir. 1999) (citation omitted).

Section (f) of the Illinois criminal trespass to land statute decriminalizes an otherwise illegal entry onto property when a person enters "for emergency purposes." 720 Ill. Comp. Stat. 5/21-3(f). An "emergency" is defined as "a condition or circumstance in which an individual is or is reasonably believed to be in imminent danger of serious bodily harm or in which property is or is reasonably believed to be in imminent danger of damage or destruction." Id. Kincaid claims that because his car had stalled, it was in imminent danger of damage or destruction had he left it in the street. He argues that a reasonable person would find that he entered Childress's property under emergency circumstances and was not committing a crime by entering the property.

Kincaid claims that he addressed the question of emergency in his motion to suppress and at the hearing at which this motion was considered. In support of this contention, Kincaid notes that he claimed, in his motion, that Stelivan could not have concluded that he was committing trespassing "within the meaning and purpose of the statute," which, he claims, incorporates by reference the argument for emergency situations. In addition, Kincaid notes that he argued that the arrest was made because of a "mistake of law," which mistake Kincaid now claims was the failure to consider whether the emergency circumstances exception applies.

Despite his contention that these broad statements of law incorporate by reference the emergency exception to criminal trespass, Kincaid has forfeited this argument by failing to raise it in his motion to suppress. In his motion to suppress, Kincaid never indicated that he felt that his situation constituted an emergency, and at the motion hearing, Kincaid never claimed, or even mentioned, that he felt that his car stalling was an emergency or that there was any imminent risk of damage to his vehicle. Although Kincaid claimed that Stelivan made a mistake of law in making a custodial arrest, he failed to articulate on what basis a mistake of law was made, either by mentioning that Stelivan failed to consider the emergency exception or by citing the relevant statutory section, 720 Ill. Comp. Stat. 5/21-3(f). In addition, although he also failed to raise the issue of notice in his motion to suppress, Kincaid specifically requested the district court allow him to raise these new

arguments at the motion hearing. However, he failed to request leave at the motion hearing to argue that the emergency exception applied. We insist that a party must raise and develop an argument before the district court or in its motions to provide the district court with an opportunity to consider all matters before it. See, e.g., United States v. Hook, 195 F.3d 299, 310 (7th Cir. 1999). By failing to focus the court on this issue of emergency, Kincaid deprived the court, which studiously considered all matters raised before it, of this opportunity. For this reason, we deem this issue forfeited, and we review only for plain error.

Illinois courts provide no guidance on the question of whether a typical automobile breakdown constitutes an emergency within the meaning of 5/21-3(f), so we must determine whether a miscarriage of justice results if we affirm the conclusion of the district court. Certainly, reasonable people may believe that in a break-down circumstance, automobile owners will fear that their car is in imminent danger of damage or destruction if it remains on the road.

Nonetheless, the facts and circumstances surrounding this case fail to convince us that a reasonable person would find that the circumstances before us constitute such an emergency. First, Kincaid's car stalled between 8:00 a.m. and 9:00 a.m., at an hour when traffic on a residential side street would not constitute an imminent danger to Kincaid's vehicle. Second, Kincaid has provided no evidence that there was no street parking available. In fact, the evidence that Kincaid and Stelivan were able to move the car onto the street after failing to start it suggests that street parking spaces existed at the time Kincaid's car stalled. In the face of these circumstances, we believe it reasonable that an arresting officer would not consider the situation to be an emergency. Therefore, we find no plain error in the district court's determination that Stelivan had probable cause to perform a custodial arrest.

III.  Conclusion

Because we find no error in the district court's determination that Stelivan had probable cause to arrest Kincaid for criminal trespass and no plain error in Stelivan's failure to apply the emergency exception to the criminal trespass statute, we Affirm the decision of the district court.