**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 12 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

 Plaintiff - Appellee,

vs.

RENALDO R. GRIEGO,

 Defendant - Appellant.

No. 03-2249
(D.C. No. CR-02-1590-WPJ)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **HARTZ**, Circuit Judge.

Defendant-Appellant Reynaldo R. Griego was charged by indictment with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He moved to suppress the gun, which officers found in a search subsequent to his arrest, on the ground that officers lacked probable cause to arrest him. After a suppression hearing, the district court denied the motion. Mr. Griego pleaded guilty to the indictment, reserving his right to appeal the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

denial of his suppression motion. He was sentenced to a term of 51 months imprisonment with a three-year term of supervised release. We have jurisdiction over this case under 18 U.S.C. § 3731. We affirm.

Background

On September 6, 2001, Albuquerque police officers John Corvino and Jonathan Sather were patrolling the southeast quadrant of the city. Officer Corvino had been a police officer for 16 years and Officer Sather was in training. At approximately 10:30 a.m., as they drove by a building at 4117 Silver SE, they saw several persons standing inside or near the doorway of a building. There were several "No Trespassing" signs posted on the building, including one on the front door, one on the flashing above the door, and two on the west side of the building between the building and a methadone clinic next door. The officers told the individuals to leave the area.

Later that day, between 12:30 and 1:00 p.m., Officers Sather and Corvino again drove past the buiding at 4117 Silver. They saw two of the same people whom they had seen earlier that day outside the building. These two men were Defendant Griego and one Jonathan King. Mr. Griego and Mr. King were next to the "No Trespassing" sign on the front door of the building–King was sitting in the doorway and Griego was standing next to him, leaning against the building.

Officer Corvino testified that Mr. Griego and Mr. King were not on the city sidewalk but in the entranceway to the building. The entranceway is paved in concrete and is adjacent to an asphalt area that borders the street. According to Officer Corvino, the entranceway was on private property.

The officers asked the men for identification. A computer check indicated that Mr. King had given different names and birth dates in prior encounters with police officers. Officer Corvino decided to arrest Mr. Griego and Mr. King because they were not conducting business on the property, which was clearly posted with "No Trespassing" signs, and because the officers had previously given the men a verbal warning not to loiter in front of the building.

The officers told Mr. Griego and Mr. King that they were under arrest for criminal trespass. Officer Corvino handcuffed Mr. Griego, patted him down, and took from him a brown paper bag. Inside the bag, Officer Corvino found drug paraphernalia and a loaded .22 caliber revolver.

Discussion

Mr. Griego argues on appeal that the district court wrongly denied his motion to suppress evidence because it erred in making its factual findings and in deciding that the officers had probable cause to arrest him. In reviewing a district court's denial of a motion to suppress evidence, this court reviews the district

court's factual findings for clear error, considering the evidence in the light most favorable to the government. United States v. Rice, 358 F.3d 1268, 1273 (10th Cir. 2004). The ultimate determination of whether probable cause to arrest existed is a legal issue that we review de novo. United States v. Edwards, 242 F.3d 928, 933 (10th Cir. 2003).

A.      Findings of Fact

Mr. Griego argues that the district court erred in finding (1) that he was standing in the doorway of the building under the awning at the time of his arrest, and (2) that the concrete entranceway on which he was standing was private property.

A district court's finding of fact is clearly erroneous if on a review of the evidence as a whole we are "left with the definite and firm conviction that a mistake has been committed." United States v. Castorena-Jaime, 285 F.3d 916, 924 (10th Cir. 2002). Even our belief that we, as the trier of fact, would have come out differently based on the evidentiary record before us is not enough to disturb the district court's findings. Anderson v. City of Bessemer City, 470 U.S. 564, 573-74 (1985). As long as the "district court's account of the evidence is plausible in light of the record viewed in its entirety," we will not reverse. Id. at 574. Likewise, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Id.

The evidence that Mr. Griego was standing in the doorway of the building under the awning precludes a ruling that the district court's finding was clearly erroneous. Mr. Griego's only significant argument is that the doorway was quite small, and that if Mr. King were standing therein, Mr. Griego would not have been able to fit. Officer Corvino, however, testified that Mr. Griego and Mr. King were standing next to each other in the doorway of the building. III R. at 41-42, 46-47. The district court found his testimony credible. Id. at 126. Its finding is not clearly erroneous.

Moreover, we agree with the district court that even if Mr. Griego were not standing in the doorway, but in front of the building's windows, he would still be on private property. See id. at 126. There was ample evidence before the district court to support a finding that the concrete area on which Mr. Griego was standing was private property and not part of the sidewalk. As the district court noted, if the sidewalk were to run in a straight line parallel to the street, maintaining the same width as it did in front of the methadone clinic next door, the concrete entrance area would not be part of the sidewalk. Id. at 107. Moreover, Officer Covino testified that the entrance area was private property. Id. at 55. After reviewing photographs of the vicinity submitted by Mr. Griego, we cannot say the district court's finding was clearly erroneous.

B.      Probable Cause to Arrest

Probable cause to arrest exists only when the "facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense." Romero v. Fay, 45 F.3d 1472, 1476 (10th Cir. 1995). Although "[p]robable cause does not require facts sufficient for a finding of guilt . . . , it does require more than mere suspicion." United States v. Morris, 247 F.3d 1080, 1088 (10th Cir. 2001).

Probable cause is measured against an objective standard. Beck v. Ohio, 379 U.S. 89, 96 (1964). The subjective belief of an individual officer as to whether there was probable cause for making an arrest is not dispositive. Florida v. Royer, 460 U.S. 491, 507 (1983); United States v. Treto-Haro, 287 F.3d 1000, 1006 (10th Cir. 2002). Thus, the primary concern is "whether a reasonable officer would have believed that probable cause existed to arrest the defendant based on the information possessed by the arresting officer." Olsen v. Layton Hills Mall, 312 F.3d 1304, 1312 (10th Cir. 2002) (internal quotation marks and alterations omitted).

Mr. Griego argues that Officer Corvino did not have probable cause to arrest him for criminal trespass. New Mexico law defines criminal trespass as "knowingly entering or remaining upon posted private property without

possessing written permission from the owner or person in control of the land."

N.M. Stat. Ann. § 30-14-1(A).

Mr. Griego is correct to note that the New Mexico criminal statute requires as an element that the intruder know that his act was unlawful. Exploiting this requirement, Mr. Griego argues that (1) while the officers told Mr. Griego to move on and leave the area, they did not inform him that he was standing on private property; and (2) the posted "No Trespassing" signs only informed Mr. Griego that entry into the building was prohibited, but not that standing in front of the building was also prohibited. As noted above, however, probable cause does not require facts sufficient for a finding of guilt. We are only concerned with whether the facts and circumstances would lead a reasonably prudent person to believe that the Mr. Griego was committing a criminal trespass. Thus, the relevant probable cause inquiry on the question of notice is whether a reasonable person in Officer Corvino's position had reasonable grounds to believe that Mr. Griego received the notice, not whether Mr. Griego believed such notice had been given. See United States v. Kincaid, 212 F.3d 1025, 1029 (7th Cir. 2000).

A reasonable person in Officer Corvino's position could infer that Mr. Griego had notice. "No Trespassing" signs were posted in the area in which Mr. Griego was standing. Officer Corvino had asked Mr. Griego and the other people who were loitering in the area to leave, directing their attention to the "No

Trespassing" signs. Upon seeing Mr. Griego in the building's entrance area again, then, Officer Corvino had reason to believe that Mr. Griego was standing on private property, that he knew it was private property, and that he had no permission to be there. Officer Corvino's arrest of Mr. Griego and subsequent search of him did not violate the Fourth Amendment.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge