NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 14, 2007
Decided February 15, 2007

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 06-1744

| | |
|---|---|
| DARRYL R. DUNCAN,<br>    *Plaintiff-Appellant*, | Appeal from the United States<br>District Court for the Northern<br>District of Illinois, Eastern Division |
| *v.* | |
| | No. 05 C 1193 |
| BERNARD M. FAPSO,<br>    *Defendant-Appellee*. | Suzanne B. Conlon,<br>*Judge*. |

**O R D E R**

Darryl Duncan contends in this *pro se* lawsuit under 42 U.S.C. § 1983 that Bernard Fapso, a police officer in North Chicago, Illinois, violated his Fourth Amendment rights by arresting him without probable cause. Duncan argues that the district court erred in granting summary judgment for Officer Fapso, and in declining to enlist counsel to represent him at no charge. We reject both contentions and affirm the judgment.

At the outset, we note that Duncan failed to comply with Northern District of Illinois Local Rule 56.1(b)(3), which requires a party opposing a motion for summary judgment to file a separate statement identifying any disputes with the other side's statement of material facts. Because Duncan did not do so, the district court deemed Officer Fapso's statement of material facts to be undisputed. *See* N.D. Ill. Loc. R. 56.1(b)(3)(C). Our de novo review of the grant of summary judgment will

also rely on Fapso's statement of material facts.  *See Cady v. Sheahan*, 467 F.3d 1057, 1060-61 (7th Cir. 2006).

In October 2004 police officers in North Chicago saw Duncan walking along a Union Pacific Railroad right-of-way in an area known for prostitution and drug trafficking.  Patrol officers had been instructed to watch for persons walking near Union Pacific tracks because during that year citizens had been struck by trains.  Officer Fapso and the other officers began following Duncan in their patrol car.  Fapso eventually exited the vehicle and, when Duncan walked past, started questioning him.  During the conversation Fapso asked Duncan to place his hands on the patrol car for a pat-down search.  Duncan responded by removing a screwdriver from his pocket and placing it on the trunk of the patrol car.  Fapso patted him down, felt what he thought was drug paraphernalia in a trouser pocket, and removed a small crack pipe from that pocket.  Fapso told Duncan he was under arrest for possession of drug paraphernalia, but Duncan grabbed his screwdriver and ran.  He was captured a block away.  Duncan then confessed that he just visited a prostitute, and a search at the police station uncovered a small amount of cocaine in his wallet.

Duncan was charged with possession of a controlled substance, possession of drug paraphernalia, resisting a peace officer, patronizing a prostitute, and criminal trespass on private railroad property.  Prosecutors elected to *nolle prosequi* all of those charges, however, after the state circuit court granted Duncan's motion to suppress the crack pipe and cocaine.  The state court concluded that Officer Fapso had reasonable suspicion to conduct a nonconsensual pat-down search for weapons but could not have believed that what he felt in Duncan's pocket was contraband.  *See United States v. Rivers*, 121 F.3d 1043, 1046 (7th Cir. 1997) (applying "plain feel" doctrine).  Armed with this victory in state court, Duncan sued Fapso in the district court, claiming that the officer did not have probable cause to arrest him for possession of drug paraphernalia.  The district court held otherwise.

We agree with the district court that Officer Fapso was entitled to summary judgment, though we reach that conclusion by a different route.  Whether a local police officer is authorized to make an arrest typically turns initially on state law.  *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979); *Williams v. Jaglowski*, 269 F.3d 778, 782 (7th Cir. 2001).  The federal issue is whether the officers had probable cause to believe that the predicate offense, as defined by state law, was committed.  *Williams*, 269 F.3d at 782.  The existence of probable cause to arrest precludes a § 1983 suit for false arrest.  *See, e.g.*, *Mustafa v. City of Chi.*, 442 F.3d 544, 547 (7th Cir. 2006); *Morfin v. City of E. Chi.*, 349 F.3d 989, 997 (7th Cir. 2003).  In this case, Duncan argues that there was not probable cause to arrest him for possessing drug paraphernalia, *see* 720 ILCS 600/3.5(a), since the state court concluded that Fapso went too far in removing the crack pipe while patting him down.  But even if we

accept this premise, it would not change the fact that, even *before* the pat-down search, Fapso had probable cause to arrest Duncan for trespassing on the privately owned railway right-of-way. *See* 720 ILCS 5/21-3(a)(2); *United States v. Kinkaid*, 212 F.3d 1025, 1028 (7th Cir. 2000); *People v. Wetherbe*, 462 N.E.2d 1, 4-5 (Ill. App. Ct. 1984). It simply does not matter that Fapso *announced* he was arresting Duncan for possession of drug paraphernalia so long as he had probable cause to arrest for *any* offense. *See Devenpeck v. Alford*, 543 U.S. 146, 153 (2004) (explaining that police officer's "subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause"); *Whren v. United States*, 517 U.S. 806, 812-13 (1996). Duncan's argument about the scope of the pat-down search is thus irrelevant; Fapso had probable cause to make an arrest for criminal trespass before he initiated the search and found the crack pipe, so the search may be sustained as a one incident to an arrest for that offense. *See Rawlings v. Kentucky*, 448 U.S. 98, 111 (1980) ("Where the formal arrest followed quickly on the heels of the challenged search of petitioner's person, we do not believe it particularly important that the search preceded the arrest rather than vice versa."); *United States v. Jackson*, 377 F.3d 715, 717 (7th Cir. 2004).

Duncan next argues that the district court erred in refusing to enlist counsel to represent him. Although indigent civil litigants may request the assistance of counsel under 28 U.S.C. § 1915(e)(1), there is no constitutional or statutory entitlement to such representation in federal court. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). The decision whether to seek help from counsel lies within the district court's discretion, *id.*, and in exercising that discretion a court should ask whether (1) the plaintiff appears competent to proceed on his own given the difficulty of the particular case, and (2) the presence of counsel could make a difference in the outcome. *See Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004). Both factors support the district court's decision. Duncan's claim was not so complex that he could not adequately present it himself. Morever, because Fapso had probable cause to arrest him, counsel would not have made a difference in the outcome. *See Howard v. Gramley*, 225 F.3d 784, 794 (7th Cir. 2000) (holding that, in light of evidence against him, refusal to enlist counsel for *pro se* litigant who adequately presented his arguments did not warrant reversal).

AFFIRMED.