THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
SAM RINALDO, Defendant-Appellant.

Second District   No. 79-215

Opinion filed January 22, 1980.

James J. Ewers, of Eisenberg, Geisen, Ewers and Hayes, of Madison, Wisconsin, for appellant.

Daniel D. Doyle, State's Attorney, of Rockford (Phyllis J. Perko and Jan Tuckerman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

In a jury trial, defendant, Sam Rinaldo, was found guilty of theft over $150 and conspiracy. He was sentenced to two to six years imprisonment for each offense, the sentences to run concurrently. On appeal, defendant contends that the trial court erred in denying his motion to suppress physical evidence allegedly improperly seized.

Police discovered that William Anderson had obtained possession of a stolen microwave oven and that he intended to sell it to defendant. Anderson was confronted with this knowledge and he agreed to aid police in their investigation. Among other things, Anderson explained to

police that he was to pick up defendant's car, take it to where the oven was kept, load the oven in defendant's car and return it to defendant's place of business, where he would be paid. The following day a listening device was placed on Anderson, and when he entered defendant's place of business police heard Anderson tell defendant that he had the oven and that it was stolen. The plan was executed as described with police assisting Anderson in loading the oven into the car. When police arrived to help load it, the oven, which was not actually seen at this time, was already enclosed in a large box with the word "Hobart" being the only marking thereon; the box was secured with metal straps and was visible in the back of defendant's car. Anderson returned the car to defendant's place of business and police thereafter confiscated money that Anderson said defendant had paid to him. Defendant was arrested and he denied knowledge of a stolen oven in his car and refused to give police permission to enter the car. The car was impounded shortly thereafter. Four days later, without a warrant and without consent, police entered the car, opened the box and removed the oven. Defendant's motion to suppress the evidence thus obtained was denied and he appeals. The State urges that there was no search made, contending that the police knew that the oven was in the box and that the box was in plain view and that the seizure of the oven was reasonable under the circumstances.

■■ ■ We observe first that the State has apparently misconstrued the necessity for a search warrant and the application of the exceptions to the warrant requirement. The United States Supreme Court has stated that the requirement for a search warrant "is not an inconvenience to be somehow 'weighed' against the claims of police efficiency. It is, or should be, an important working part of our machinery of government, operating as a matter of course to check the 'well-intentioned but mistakenly over-zealous executive officers' who are a part of any system of law enforcement." (*Coolidge v. New Hampshire* (1971), 403 U.S. 443, 481, 29 L. Ed. 2d 564, 592, 91 S. Ct. 2022, 2046.) Generally, a search of private property must be reasonable and be performed pursuant to a proper search warrant; the mere reasonableness of a search, in light of the circumstances, does not excuse the requirement of a search warrant. (*United States v. United States District Court* (1972), 407 U.S. 297, 32 L. Ed. 2d 752, 92 S. Ct. 2125.) Warrantless searches are *per se* unreasonable, although there are certain limited exceptions. (*Mincey v. Arizona* (1978), 437 U.S. 385, 57 L. Ed. 2d 290, 98 S. Ct. 2408.) These exceptions which allow warrantless searches require the presence of both probable cause and exigent circumstances which prevent the procurement of a warrant. (*United States v. Chadwick* (1977), 433 U.S. 1, 53 L. Ed. 2d 538, 97 S. Ct. 2476.) The burden of showing the exception is on the party seeking it.

(*United States v. Jeffers* (1951), 342 U.S. 48, 96 L. Ed. 59, 72 S. Ct. 93.) We note that although police helped load the box into defendant's car, they had no first-hand knowledge of its contents. Rather, they relied on the representations of Anderson that the oven was inside and that it was stolen. We view this aspect of the case as being no different than any other situation in which police use information from an informant as the basis for probable cause for a search.

Recent cases have also analysed the use of warrantless searches. In *Arkansas v. Sanders* (1979), 442 U.S. 753, 61 L. Ed. 2d 235, 99 S. Ct. 2586, police had probable cause to believe that defendant was transporting contraband in his suitcase. He was seen placing the suitcase in the trunk of a taxi and was then driven away. Police stopped the taxi within a few blocks and the driver complied with their request to open the trunk. Police then opened the suitcase without consent and discovered the contraband. The Supreme Court held that where police have lawfully detained a criminal suspect and secured the item to be searched and there is no danger to themselves or risk of losing the evidence, they should delay the search until a warrant can be obtained.

In *People v. Dalton* (1979), 24 Cal. 3d 850, 598 P.2d 467, 157 Cal. Rptr. 497, the California Supreme Court considered the validity of a warrantless search of closed boxes in the trunk of a car, when the driver and his passenger were under arrest and handcuffed. The California court determined that no exception to the warrant requirement was present and held that in the absence of exigent circumstances requiring an immediate search, the existence of probable cause alone provides only grounds for a warrantless seizure and immobilization of closed containers pending the issuance of a search warrant.

In *People v. Bayles* (1979), 76 Ill. App. 3d 843, 395 N.E.2d 663, the Appellate Court for the Fifth District of Illinois held that examining the contents of a closed suitcase at the scene of an auto accident did not constitute an inventory search, since the suitcase should have been sealed and placed in the area used for other inventoried items and to search its contents without a warrant and in the absence of exigent circumstances was an unreasonable intrusion.

■■ In the present cause, assuming *arguendo* that there existed probable cause, we are not convinced that there were exigent circumstances to excuse the failure to obtain a search warrant. The State relies repeatedly on the "plain view" exception as the reason why a warrant was unnecessary. This position is without merit. It is contended that the box which contained the oven was in plain view and that therefore there was no search. This is a misapprehension of the "plain view" exception. As the United States Supreme Court stated in *Coolidge v. New Hampshire*,

plain view alone is never enough to justify the warrantless seizure of evidence; the discovery of evidence in plain view must be inadvertent; and where police know the location of evidence in advance and intend to seize it, there is no legal inconvenience in obtaining a warrant for its seizure. In footnote 27, the *Coolidge* court specifically rejected the concept of a planned warrantless seizure on plain view grounds. In light of *Coolidge*, it cannot be said that the plain view exception applies to entry into a car which had been in police custody for four days to seize stolen goods which they contend they knew were present in the car.

In considering other possible bases on which to find exigent circumstances at the time of the entry into defendant's car and the seizure of the oven, we note that the "automobile exception" does not apply because at the time of the search the car was neither "on the highway" nor moveable (*Chambers v. Maroney* (1970), 399 U.S. 42, 51, 26 L. Ed. 2d 419, 428, 90 S. Ct. 1975, 1981), since police had placed it under their own control; the search was not incident to the arrest because "[o]nce an accused is under arrest and in custody, then a search [of his car] made at another place, without a warrant, is simply not incident to the arrest" (*Preston v. United States* (1964), 376 U.S. 364, 367, 11 L. Ed. 2d 777, 780, 84 S. Ct. 881, 883); also, the State has not contended, nor is there evidence demonstrating, that this search was done as part of an established inventory procedure.

In light of our decision that the trial court erred in suppressing the evidence, we need not discuss defendant's additional contention that his car was improperly seized. We reverse the denial of the motion to suppress, vacate defendant's conviction, and remand for a new trial.

Reversed and remanded.

UNVERZAGT and LINDBERG, JJ., concur.