THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* KEVIN REINCKE, Defendant-Appellee.

Fifth District   No. 79-256

Opinion filed May 16, 1980.—Rehearing denied June 11, 1980.

Kelly D. Long, State's Attorney, of Hillsboro (Raymond F. Buckley, Jr., and Curtis L. Blood, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

John H. Reid and John F. Erbes, both of State Appellate Defender's Office, of Mt. Vernon, for appellee.

Mr. JUSTICE KARNS delivered the opinion of the court:

Defendant, Kevin Reincke, was charged with theft and possession of a controlled substance in informations filed in the Circuit Court of Montgomery County. The State appeals from the order of the Circuit Court suppressing certain evidence seized from defendant's automobile.

Defendant was the sole occupant of the auto when it collided with a concrete abutment on Route 16 near Irving in Montgomery County. James Bailey, chief of the Irving police department, who also served as an officer for the Village of Schram City and the City of Hillsboro, was the first to arrive at the accident scene, accompanied by his wife. They observed that defendant was injured and bleeding and appeared to be somewhat dazed. He was standing outside his car when they first approached but later reclined on the front seat and appeared to reach beneath the seat or toward the floor. Defendant was taken by ambulance to a hospital, and Chief Bailey remained with the vehicle.

Looking through the window of defendant's auto, Chief Bailey observed several open boxes of ammunition. Surmising that bullets indicated the presence of firearms, the chief and Trooper James Garwood of the State police, who had also arrived at the scene, made a cursory

search of the car's interior. They found and removed two handguns from inside a small suitcase which had been partially opened by the impact of the collision. After the car was towed to a privately owned garage and junkyard used by police as a towing facility, the guns were determined to have been taken in a theft of a store in Schram City, although neither Bailey nor Garwood had suspected any connection between defendant and this theft at the time of the first search. The defendant was interviewed at the hospital by Trooper Garwood but did not consent to any further searches of his automobile. Some two hours after the accident and following the interview, Bailey and Garwood went to the garage to search the vehicle again. This time the officers lifted up the floormats of the front seat and found some valium and diazepam tablets in a plastic bag, along with several small items of drug paraphernalia. Inside of the small suitcase, which had been wedged between the front passenger seat and the passenger door, the officers found a third handgun.

The trial court granted the defendant's motion to suppress the items seized in both searches. The grounds for the order stated in the docket entry were "the particular search and seizure in this case were in violation of the defendant's constitutional rights." The court did not issue any findings to explain its conclusions. It is a requirement of the Code of Criminal Procedure that in granting or denying a motion to suppress, "the [trial] court shall state the findings of fact and conclusions of law upon which the order or judgment is based." (Ill. Rev. Stat. 1977, ch. 38, par. 114—12.) Courts of review have commented repeatedly on the failure of the trial court to comply with this requirement of the Code. (See *e.g., People v. Eastin* (1972), 8 Ill. App. 3d 512, 289 N.E.2d 673; *People v. Pugh* (1971), 133 Ill. App. 2d 168, 272 N.E.2d 742; *People v. Drury* (1971), 130 Ill. App. 2d 798, 268 N.E.2d 460.) A trial court's findings and conclusions serve to enlighten the appellate court as to the evidence and reasoning relied upon by the trial court and thereby facilitate review. The trial court's factual determination may only be upset if the reviewing court finds it to be against the manifest weight of the evidence, and the trial court's decision will be reversed only where manifestly erroneous. (*People v. Connor* (1978), 57 Ill. App. 3d 607, 373 N.E.2d 684; *People v. Lakes* (1978), 60 Ill. App. 3d 271, 376 N.E.2d 730; *People v. Billings* (1977), 52 Ill. App. 3d 414, 367 N.E.2d 337; *People v. Wiggins* (1976), 45 Ill. App. 3d 85, 358 N.E.2d 1301.) Therefore, it is imperative that the court set forth the factual basis upon which it bases its conclusion of law.

It is established that warrantless searches are not per se unconstitutional, but may be justified so long as they are reasonable. (*South Dakota v. Opperman* (1976), 428 U.S. 364, 49 L. Ed. 2d 1000, 96 S. Ct. 3092.) The constitutional proscription of unreasonable searches and seizures in the fourth amendment is coextensive with the scope of article I, section 6

of the 1970 Illinois Constitution. *People v. Clark* (1976), 65 Ill. 2d 169, 357 N.E.2d 798.

When the officers viewed the loose ammunition in the car, it was a reasonable inference that firearms could also be present. (*United States v. Prescott* (5th Cir. 1979), 599 F.2d 103.) Knowing that the car would be towed to an unguarded location and "vulnerable to intrusion by vandals," the police acted reasonably in conducting their limited search and their seizure of the two guns from the opened suitcase. (*Cady v. Dombrowski* (1973), 413 U.S. 433, 37 L. Ed. 2d 706, 93 S. Ct. 2523.) We believe that the search was justified on grounds of public safety and accordingly reverse that portion of the trial court's order suppressing the two handguns seized in the first search.

The State argues that the second search was justified as an inventory search of an impounded vehicle. A warrantless inventory search under proper circumstances is considered reasonable because it serves the three-fold purpose of safeguarding the defendant's property, protecting the police from property claims, and protecting the police from potential danger. (*South Dakota v. Opperman* (1976), 428 U.S. 364, 49 L. Ed. 2d 1000, 96 S. Ct. 3092.) An inventory search must be limited, however, to the purposes for which it is conducted. A crucial factor in determining the validity of an inventory search is whether the search is actually a pretext for concealing an investigatory motive. "Where the purpose of the search is exploratory in nature it will be deemed illegal and the evidence so found must be excluded." *People v. Dennison* (1978), 61 Ill. App. 3d 473, 479, 378 N.E.2d 220, 224.

The record before us reveals an investigatory motive on the part of the officers in conducting the second search. Trooper Garwood testified that it was State police policy to inventory the contents of a vehicle "at the scene" before it is towed when the driver is absent. Chief Bailey testified that after the car had been towed, the first two guns were matched to the robbery "[s]o we went back to [the] garage and searched the car some more." Chief Bailey's conclusion that there was some connection between the robbery and defendant's vehicle, accurate though it was, obviously premised the second search on an investigatory motive.

The accident occurred at approximately 6 p.m., and the second search was conducted approximately two hours later. The circumstances do not indicate that a search warrant could not have been sought, even though no application for one was made. "Inventory searches must be limited to effectuation of the recognized purposes for which they are conducted and they may not be used as a pretext for intrusive investigatory searches that would otherwise be impermissible." (*United States v. Prescott* (5th Cir. 1979), 599 F.2d 103, 105.) We are not convinced that the second search was made for the purpose of safeguarding

226

defendant's property or protecting the police from physical danger or property claims. We find that the manifest weight of the evidence supports the trial court's apparent determination that the search was not an inventory. Therefore, that portion of the trial court's order suppressing the fruits of the second search is affirmed.

The decision of the Circuit Court of Montgomery County is affirmed in part and reversed in part and this cause is remanded for proceedings consistent with this opinion.

Affirmed in part; reversed in part; remanded.

SPOMER and HARRISON, JJ., concur.