THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KENDRAL PARKER, Defendant-Appellant.

First District (2nd Division)    No. 1—03—1595

Opinion filed November 30, 2004.—Rehearing denied December 29, 2004.

Dennis M. Doherty, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, William D. Carroll, and James D. Ridgway, of counsel), for the People.

JUSTICE HALL delivered the opinion of the court:

In October 2000, defendant Kendral Parker was indicted for one count of possession with intent to deliver a controlled substance of more than 900 grams of cocaine, three counts of aggravated unlawful use of a weapon, and two counts of unlawful use of a weapon by a felon.

On January 16, 2002, a hearing was held on defendant's motion to quash arrest and suppress evidence. After hearing testimony from the arresting officers and arguments from both sides, the trial court denied the motion, finding that the absence of a front license plate on the vehicle defendant was driving at the time of his arrest provided a sufficient basis for the officers to make the initial traffic stop. The trial court further found that during the course of the traffic stop, one officer's observation of a climate control panel door closing over the vehicle's dashboard, which indicated the possible presence of an illegal secret compartment, and the officer's subsequent recovery of cannabis from defendant's person provided probable cause for defendant's arrest and seizure of his vehicle.

On October 23, 2002, a hearing was held on defendant's motion to suppress a statement he made to police at the scene regarding his ownership of the vehicle in which a handgun and cocaine were recovered. In his motion, defendant argued that arresting officers elicited a custodial statement from him at the scene regarding his ownership of the vehicle prior to informing him of his *Miranda* rights. The trial court denied the motion, finding that defendant made the statement in a noncustodial setting outside the scope of *Miranda*.

Immediately after the trial court denied defendant's motion to suppress his statement, he waived his right to a jury trial, and the cause proceeded to a bench trial. Following the bench trial, defendant was found guilty on all six counts.

On January 7, 2003, after defendant's motion for a new trial was denied, the trial court entered sentence on counts I and II, having found that the aggravated-unlawful-use-of-a-weapon charges merged into the charges of unlawful use of a weapon by a felon. Defendant was subsequently sentenced to concurrent terms of 15 years' imprison-

ment for possession with intent to deliver the cocaine and 6 years' imprisonment for aggravated unlawful use of a weapon. Defendant appeals his conviction.

On appeal, defendant contends that: (1) the warrantless search and seizure of his minivan was unconstitutional; (2) even if police officers had probable cause to conduct an on-the-scene warrantless search of his minivan, officers did not have the right to drive the van to the police station for its warrantless dismantling; (3) police officers did not have probable cause for the initial traffic stop where he was not in violation of the headlamp ordinance; (4) we should grant his request for a remand for the limited purpose of taking evidence that would establish that his license plate was displayed inside the minivan's front windshield when he was stopped for the traffic violation; (5) the Illinois "secret compartment" statute is unconstitutionally vague; (6) the trial court erred in denying his motion to suppress statements he gave to police at the scene regarding his ownership of the minivan; and (7) he was denied effective assistance of trial counsel. For the reasons that follow, we affirm.

## BACKGROUND

On October 6, 2000, at approximately 6:35 p.m., near 121 South Parnell Avenue in Chicago, Illinois, Officer Rafael Martinez and Officer Karina Aguilar were on routine patrol driving westbound in a marked squad car when Officer Martinez noticed a minivan traveling eastbound toward him. According to Officer Martinez, the minivan's front license plate was missing and its front headlights were off even though it was dusk and all the other vehicles traveling the road had their headlights on.

After following the minivan for approximately one block, Officer Martinez initiated a traffic stop and defendant pulled over to the curb. Officer Martinez exited his squad car and approached the minivan on the driver's side, while his partner approached on the passenger side. Defendant was in the driver's seat and a second man, later identified as Anthony Ridley, was in the passenger seat.

Officer Martinez testified that as he walked toward the driver's window to ask defendant for his license and insurance information, he glanced inside the minivan and observed a panel on the dashboard move from an open to a closed position. Based on his experience, the officer believed that the moving panel indicated the presence of an illegal false or secret compartment hidden in the dashboard. The officer also noticed two grocery-size plastic bags containing large amounts of United States currency sitting on the floor of the vehicle between the driver and passenger seats.

After defendant produced a valid driver's license and insurance card, Officer Martinez asked defendant if he owned the minivan, to which defendant replied, "It's mine, but it's in my girlfriend Laquita's name." Officer Martinez then asked defendant to exit the minivan.

Upon exiting the minivan defendant was arrested for operating a vehicle with an illegal secret compartment. Ridley was also arrested. Custodial searches of defendant and Ridley were conducted at the scene, and each individual was found to be in possession of a small bag of a green leafy substance the officers suspected was cannabis.

Following the arrests, defendant, Ridley, and the minivan were transported to the police station. At the police station, the minivan was examined by a police expert in secret compartments, who discovered a 9-millimeter handgun in a secret compartment built into the dashboard and over four kilograms of cocaine hidden in secret compartments located in the rear of the van.

After a bench trial, defendant was convicted on all counts and was subsequently sentenced to concurrent terms of 15 years' imprisonment for possession of more than 900 grams of cocaine with intent to deliver and 6 years' imprisonment for aggravated unlawful use of a weapon.

## ANALYSIS

Defendant first contends that the trial court erred in denying his motion to suppress evidence. We disagree.

In regard to our standard of review, when a trial court's ruling on a motion to suppress evidence involves factual determinations and credibility assessments, the ruling is generally subject to reversal only if it is manifestly erroneous. *People v. Buss*, 187 Ill. 2d 144, 204, 718 N.E.2d 1 (1999). However, as in this case, where there are no factual or credibility disputes and the only issue is the application of the law to undisputed facts, our standard of review is *de novo*. *People v. Rockey*, 322 Ill. App. 3d 832, 836, 752 N.E.2d 576 (2001); see *People v. Sanchez*, 292 Ill. App. 3d 763, 768, 686 N.E.2d 367 (1997) (trial court's ultimate determination regarding reasonableness of warrantless search of motor home is subject to *de novo* review); *People v. Sorenson*, 196 Ill. 2d 425, 431, 752 N.E.2d 1078 (2001) (declaring that when motion to suppress ultimately turns on questions of reasonable suspicion and probable cause, reviewing court must apply *de novo* standard of review).

Defendant claims that the seizure and subsequent search of his minivan were unconstitutional, arguing that the police did not have probable cause to seize and search the minivan without a warrant. Both the United States and Illinois Constitutions protect individuals from unreasonable searches and seizures. U.S. Const., amend. IV; Ill.

Const. 1970, art. I, § 6; *People v. Fulton*, 289 Ill. App. 3d 970, 973, 683 N.E.2d 154 (1997). These provisions were adopted to protect the legitimate expectations of privacy that citizens possess in their persons, homes, and belongings. *Fulton*, 289 Ill. App. 3d at 973, quoting *People v. James*, 163 Ill. 2d 302, 311, 645 N.E.2d 195 (1994).

■ Generally, searches and seizures are reasonable only if the government first obtains a search warrant authorizing the action. *Fulton*, 289 Ill. App. 3d at 973. A warrantless search and seizure is deemed *per se* unreasonable unless it falls within one of the few specifically established and well-delineated exceptions. *People v. Rucker*, 294 Ill. App. 3d 218, 223, 689 N.E.2d 1203 (1998). One such exception is the "automobile exception."

Under the automobile exception, police officers may conduct a warrantless search of a vehicle if they lawfully stop the vehicle and have probable cause to believe that the vehicle contains contraband or evidence of criminal activity that the officers are entitled to seize. *James*, 163 Ill. 2d at 312; *People v. Smith*, 95 Ill. 2d 412, 418, 447 N.E.2d 809 (1983). A police officer has probable cause to search a vehicle where the totality of the facts and circumstances known to the officer at the time of the search, in light of the officer's experience, would cause a reasonably prudent person to believe that a crime occurred and that evidence of the crime is contained in the automobile. *People v. Stout*, 106 Ill. 2d 77, 86, 477 N.E.2d 498 (1985); *People v. Clark*, 92 Ill. 2d 96, 100, 440 N.E.2d 869 (1982); *People v. Erickson*, 31 Ill. 2d 230, 233, 201 N.E.2d 422 (1964). The scope of such a warrantless search extends to every part of the vehicle and its contents that may conceal the object of the search. *People v. Schrems*, 224 Ill. App. 3d 988, 995-96, 586 N.E.2d 1337 (1992); *People v. Beil*, 110 Ill. App. 3d 291, 293, 442 N.E.2d 291 (1982).

■ In this case, Officer Martinez had probable cause to conduct a warrantless search of the minivan based on the totality of the circumstances confronting him at the scene. These include his observation of the closing panel on the minivan's dashboard indicating the possible presence of an illegal secret compartment, his observation of two grocery-size plastic bags each containing large amounts of loose currency ($29,477) sitting on the floor of the van next to defendant, defendant's implausible claim that he did not know who owned the money, and the recovery of illegal drugs from defendant's person. See, *e.g.*, *United States v. Vasquez-Castillo*, 258 F.3d 1207, 1213 (10th Cir. 2001) (finding probable cause for warrantless search of vehicle based in part on evidence of hidden compartment); *United States v. Anderson*, 114 F.3d 1059, 1066 (10th Cir. 1997) (same); *United States v. Plaskett*, 97 F. Supp. 2d 686, 691-92 (E.D. Va. 2000) (finding probable cause for

warrantless search of minivan based on inconsistent statements of defendant and his passenger, presence of large amount of money, and visual inspection of undercarriage of vehicle revealing presence of secret compartment).

■ Defendant next argues that even if the police officers had probable cause to conduct an on-the-scene warrantless search of his minivan, the officers did not have the right to drive the van to the police station for its warrantless dismantling. Defendant's argument is meritless.

Once officers obtain probable cause to conduct a warrantless search of a vehicle, the fact that the officers delay in searching the vehicle until it is removed to a police station does not diminish the justification for the search; the "probable cause that develops at the scene still obtains at the station house." *Beil*, 110 Ill. App. 3d at 294; *Michigan v. Thomas*, 458 U.S. 259, 73 L. Ed. 2d 750, 102 S. Ct. 3079 (1982); *Florida v. Meyers*, 466 U.S. 380, 80 L. Ed. 2d 381, 104 S. Ct. 1852 (1984). Moreover, the scope of such a warrantless search extends to all parts of the vehicle where contraband or evidence of a crime could be concealed, including hidden compartments. *United States v. Ortiz*, 84 F.3d 977, 983 (7th Cir. 1996); *United States v. Toro-Pelaez*, 893 F. Supp. 963, 966 (D. Kan. 1995); *United States v. Nicholson*, 17 F.3d 1294, 1297-98 (10th Cir. 1994).

■ Defendant next contends that there was no probable cause for the initial traffic stop because he was not in violation of the headlamp ordinance. Again, defendant's contention is meritless.

The record shows that the trial court's ruling that the initial traffic stop was lawful was not based on a finding of probable cause related to the headlamp ordinance but, rather, on the court's finding that the arresting officers had probable cause to initiate the traffic stop where it appeared that the minivan's front license plate was missing. Therefore, the issue of whether defendant violated the headlamp ordinance is not relevant to the disposition of the case and will not be addressed. See, *e.g.*, *People v. Wilson*, 164 Ill. 2d 436, 453, 647 N.E.2d 910 (1994) (declining to review statements defendant allegedly made to detective where the statements were never admitted as evidence against defendant).

■ Defendant also claims that it is questionable whether there was probable cause justifying the initial traffic stop on the basis of a violation of the applicable motor vehicle laws, where his front license plate was attached and displayed inside the minivan's front windshield. Defendant suggests that since his license plate was displayed inside the front windshield, he was technically in compliance with the applicable law. He requests that if this case is not reversed outright or

reversed and remanded on other grounds, we remand for the limited purpose of taking evidence on this issue. We must deny defendant's request.

Remand on this issue is unnecessary because even if defendant presented evidence establishing that his license plate was displayed inside the minivan's front windshield when he was stopped for the traffic violation, this would not help defendant's cause. Defendant would still be in violation of subsections (a) and (d) of section 9—76—160 of the Chicago Municipal Code (Municipal Code) (Chicago Municipal Code §§ 9—76—160(a), (d) (amended January 12, 2001)), and subsections (a) and (b) of section 3—413 of the Illinois Vehicle Title and Registration Law (Illinois Vehicle Code) (625 ILCS 5/3—413(a), (b) (West 1996)), for failing to properly display a license plate. Section 9—76—160(d) of the Municipal Code and section 3—413(b) of the Illinois Vehicle Code require that license plates be in a clearly visible position. A license plate displayed inside the front windshield of a minivan is not in a clearly visible position. See, *e.g.*, *People v. Jacquith*, 129 Ill. App. 3d 107, 112, 472 N.E.2d 107 (1984) (jury finding defendant guilty, *inter alia*, of improper display of license plate where plate was displayed inside vehicle's front windshield).

■ Defendant next argues that the "secret compartment" statute is unconstitutionally vague. We must reject defendant's contention.

Subsections (a) and (b) of section 12—612 of the Illinois Vehicle Code, entitled "False or secret compartment in a motor vehicle" state as follows:

"(a) Offenses. It is unlawful for any person to own or operate any motor vehicle he or she knows to contain a false or secret compartment. It is unlawful for any person to knowingly install, create, build, or fabricate in any motor vehicle a false or secret compartment.

(b) Definitions. For the purposes of this Section, a 'false or secret compartment' means any enclosure that is intended and designed to be used to conceal, hide, and prevent discovery by law enforcement officers of the false or secret compartment, or its contents, and which is integrated into a vehicle. For the purpose of this Section, a person's intention to use a false or secret compartment to conceal the contents of the compartment from a law enforcement officer may be inferred from factors including but not limited to, the discovery of a person, firearm, controlled substance, or other contraband within the false or secret compartment, or from the discovery of evidence of the previous placement of a person, firearm, controlled substance, or other contraband within the false or secret compartment." 625 ILCS 5/12—612(a), (b) (West 2000).

The constitutionality of a statute is a question of law subject to *de*

*novo* review. *People v. Malchow*, 193 Ill. 2d 413, 418, 739 N.E.2d 433 (2000). All statutes are presumed to be constitutionally valid, and therefore, the party challenging a statute's validity bears the burden of clearly establishing the statute is unconstitutional. *People v. Sturlic*, 130 Ill. App. 3d 120, 127, 474 N.E.2d 1 (1985). In construing a statute, this court has a duty to affirm the statute's constitutionality if reasonably possible. *People v. Shephard*, 152 Ill. 2d 489, 499, 605 N.E.2d 518 (1992).

A vagueness challenge to a statute is actually a contention that the statute violates the due process clause, since "due process requires that a statute ' "give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." ' " *In re R.C.*, 195 Ill. 2d 291, 298, 745 N.E.2d 1233 (2001), quoting *Russell v. Department of Natural Resources*, 183 Ill. 2d 434, 442, 701 N.E.2d 1056 (1998), quoting *Grayned v. City of Rockford*, 408 U.S. 104, 108, 33 L. Ed. 2d 222, 227, 92 S. Ct. 2294, 2298-99 (1972). "A statute is unconstitutionally vague if the terms are so ill-defined that the ultimate decision as to its meaning rests on the opinions and whims of the trier of fact rather than any objective criteria or facts." *People v. Pembrock*, 62 Ill. 2d 317, 322, 342 N.E.2d 28 (1976). However, a statute is not unconstitutionally vague simply because one can conjure up a hypothetical dispute over the meaning of some of the statute's terms. *People v. Greco*, 204 Ill. 2d 400, 416, 790 N.E.2d 846 (2003).

Vagueness challenges to statutes that do not involve the first amendment must be examined in light of the particular facts of the case at hand. *Greco*, 204 Ill. 2d at 416. In the instant case, since the secret compartment statute does not implicate any first amendment rights, any vagueness challenges will be reviewed based on the facts of the case at hand. *People v. Jihan*, 127 Ill. 2d 379, 385, 537 N.E.2d 751 (1989). Standing to raise such a challenge, however, depends upon defendant's proof that the statutory language does not clearly prohibit the conduct for which he is charged. *People v. Braddock*, 348 Ill. App. 3d 115, 121, 809 N.E.2d 712 (2004). Absent such proof, defendant cannot claim any ambiguity in the application of the statute to his conduct. In the instant case, there is no doubt that the secret compartment statute applies to defendant's conduct, and defendant has not come forward with any evidence to challenge such conclusion. Thus, defendant has no standing to challenge the secret compartment statute on vagueness grounds.

Nonetheless, in an apparent effort to obtain standing to challenge the secret compartment statute, defendant maintains that the statute infringes upon an individual's first amendment rights by discouraging

the individual from using a secret compartment to hide political pamphlets or other forms of speech. Defendant's argument is meritless.

The secret compartment statute does not infringe upon an individual's first amendment rights. On its face, the statute pertains to conduct having no connection with speech. The secret compartment statute prohibits persons from knowingly owning or operating a motor vehicle containing a secret compartment or knowingly installing, creating, building, or fabricating a secret compartment in a motor vehicle.

There is nothing expressive about such conduct. The United States Supreme Court has recognized that some forms of conduct possess sufficient communicative elements to warrant first amendment protection. See, *e.g.*, *Brown v. Louisiana*, 383 U.S. 131, 141-42, 15 L. Ed. 2d 637, 645, 86 S. Ct. 719, 723-24 (1966) (sit-in protesting racial segregation); *Police Department v. Mosley*, 408 U.S. 92, 99, 33 L. Ed. 2d 212, 218-19, 92 S. Ct. 2286, 2292 (1972) (picketing); *Tinker v. Des Moines Independent Community School District*, 393 U.S. 503, 505-06, 21 L. Ed. 2d 731, 737, 89 S. Ct. 733, 736 (1969) (wearing armbands to protest Vietnam war); *United States v. Eichman*, 496 U.S. 310, 313-18, 110 L. Ed. 2d 287, 293-96, 110 S. Ct. 2404, 2407-09 (1990) (burning the United States flag). Knowingly owning or operating a motor vehicle containing a secret compartment or knowingly installing, creating, building, or fabricating a secret compartment in a motor vehicle is not a form of conduct possessing sufficient communicative elements to merit first amendment protection.

Defendant also argues that there are various hypothetical situations involving the commerce clause, separation of powers clause, and general warrant powers that render the secret compartment statute unconstitutionally vague. Since the secret compartment statute does not infringe on first amendment freedoms and because defendant has not come forward with any evidence indicating that the statutory language does not clearly prohibit the conduct for which he is charged, we decline to examine defendant's hypotheticals. See *People v. Matkovick*, 101 Ill. 2d 268, 277, 461 N.E.2d 964 (1984).

■ Defendant also contends that the secret compartment statute is unconstitutional because it fails to require a culpable intent. Defendant's contention is meritless. The secret compartment statute explicitly requires a mental state of knowledge. 625 ILCS 5/12—612(a) (West 2000).

■ Defendant next contends that the trial court erred in denying his motion to suppress statements he gave to police at the scene regarding his ownership of the minivan, because officers elicited the statement from him prior to informing him of his *Miranda* rights. Again, we must reject defendant's contention.

A reviewing court will reverse a trial court's decision on a motion to suppress only if that decision is manifestly erroneous. *People v. Laspisa*, 243 Ill. App. 3d 777, 783, 612 N.E.2d 994 (1993). In this case, the trial court's decision denying defendant's motion to suppress statements was not manifestly erroneous.

*Miranda* warnings are required to be given in situations involving custodial interrogation. *People v. Nunes*, 143 Ill. App. 3d 1072, 1075, 494 N.E.2d 202 (1986). Accordingly, police officers need not give *Miranda* warnings before asking questions in the course of a general, on-the-scene investigation of a possible crime. *Laspisa*, 243 Ill. App. 3d at 783; *Nunes*, 143 Ill. App. 3d at 1075. In the instant case, the police questioning that led to defendant's precustodial statement was general, on-the-scene questioning regarding the ownership of the minivan for which *Miranda* warnings were not required. *Laspisa*, 243 Ill. App. 3d at 783. Therefore, the trial court did not err in denying defendant's motion to suppress statements.

■ Finally, defendant maintains that he was denied effective assistance of trial counsel, arguing that counsel failed to present evidence establishing that defendant's license plate was displayed inside the minivan's front windshield when he was stopped for the traffic violation. We must reject defendant's argument.

The sixth amendment to the United States Constitution guarantees a criminal defendant the assistance of counsel. U.S. Const., amends. VI, XIV. This amendment requires not only that a person accused of a crime have the assistance of counsel for his or her defense, but also that such assistance be "effective." *United States v. Cronic*, 466 U.S. 648, 80 L. Ed. 2d 657, 104 S. Ct. 2039 (1984).

A two-pronged test for determining an ineffective assistance of counsel claim was established in *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984), and adopted by our supreme court in *People v. Albanese*, 104 Ill. 2d 504, 473 N.E.2d 1246 (1984). In order for a defendant to obtain reversal of a conviction based on an ineffective assistance of counsel claim, the defendant must show that: (1) counsel's performance was so deficient as to fall below an objective standard of reasonableness under prevailing professional norms; and (2) the deficient performance so prejudiced defendant that there is a reasonable probability that, absent the error, the outcome would have been different. *People v. White*, 322 Ill. App. 3d 982, 985, 751 N.E.2d 594 (2001).

A defendant must satisfy both prongs of the *Strickland* test to prevail on a claim of ineffective assistance of counsel. However, it is well settled that if the ineffective assistance claim can be disposed of on the ground that the defendant did not suffer prejudice, a court

need not decide whether counsel's performance was constitutionally deficient. *Strickland*, 466 U.S. at 697, 80 L. Ed. 2d at 699, 104 S. Ct. at 2069; *People v. Griffin*, 178 Ill. 2d 65, 74, 687 N.E.2d 820 (1997); *People v. Flores*, 153 Ill. 2d 264, 283-84, 606 N.E.2d 1078 (1992). Applying these principles to the instant case, we conclude that defendant has failed to show that his trial counsel was ineffective under the sixth amendment.

We have earlier determined that even if defendant presented evidence establishing that his license plate was displayed inside the minivan's front windshield when he was stopped for the traffic violation, this would not help defendant's cause because he would still be in violation of subsections (a) and (d) of section 9—76—160 of the Municipal Code, and subsections (a) and (b) of section 3—413 of the Illinois Vehicle Code, for failing to properly display a license plate. Thus, defendant has not established any prejudice as a result of defense trial counsel's failure to present evidence on this issue. See *Coleman*, 158 Ill. 2d at 349-50.

Accordingly, for the reasons set forth above, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

BURKE, P.J., and WOLFSON, J., concur.