SECOND DIVISION
September 26, 2006

No. 1-05-0464

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| DERRICK CARPENTER, | ) | Honorable |
| | ) | Bertina E. Lampkin, |
| Defendant-Appellant. | ) | Judge Presiding. |

PRESIDING JUSTICE WOLFSON delivered the opinion of the court:

Most of us, at some point in our lives, will create a secret hiding place for items we wish to protect against intrusion by others. But when the owner or driver of a vehicle intends to conceal the hiding place from the police, or to conceal something in it from the police, he runs afoul of a criminal statute. The important question in this case is whether the statute offends the due process provisions of the United States and Illinois constitutions. We hold the statute is unconstitutional and we reverse the defendant's conviction.

Following a bench trial, defendant Derrick Carpenter was convicted of having a false or secret compartment in a motor vehicle under section 12-612 of the Illinois Vehicle Code (Code) (625 ILCS 5/12-612 (West 2004)) ("secret compartment statute") and sentenced to two years' imprisonment.

On appeal, defendant contends: (1) the secret compartment statute is unconstitutionally vague; (2) the statute violates substantive due process; (3) he was

not proved guilty beyond a reasonable doubt; and (4) he was denied due process of law when the trial court entered a finding of guilt based on facts not supported by the record.

FACTS

At 1:45 a.m. on June 22, 2004, Chicago police officer Edmund Szudy and his partner were on routine patrol when they were flagged down by Sergeant Sherry. Sergeant Sherry told Officer Szudy that he had received a complaint from a female about two black men who had tried to lure her into a white van with a gun near the intersection of 39th and King Drive. This evidence was admitted for the limited purpose of showing why the officers went to the intersection, not for the truth of the out of court words. Officers Szudy and his partner drove to a motel parking lot near 39th and King Drive and saw a white van matching Sergeant Sherry's description. Defendant was sitting in the driver's seat of the van and defendant's brother was sitting in the passenger's seat.

Officer Szudy approached the van on the passenger side. He saw defendant reach towards the dashboard to grab something. Officer Szudy drew his gun. He told the defendant to raise his hands and step out of the vehicle. When Officer Szudy looked into the van, he saw the butt end of what appeared to be a handgun sticking out from an open compartment in the dashboard. Officer Evans retrieved the gun from the compartment and determined it was a BB gun. An owner's manual for the vehicle was also found inside the compartment. No contraband, drugs, or firearms were recovered from the vehicle.

Officer Szudy noted the compartment "was open and usually and [sic] air bag

would be there but the air bag was removed." Officer Szudy noted the compartment was "clearly where the air bag would be."

The State admitted into evidence three photographs of the van's interior. People's Exhibits #2 and #3 show the compartment with its lid open. People's Exhibit #4 shows the compartment with its lid closed.

Defendant testified that he purchased the van three weeks before his arrest. He did not make any changes to the van. There was no air bag in the compartment when he purchased the van. Defendant used the compartment "to keep important papers in there and the manual that came to [sic] the car." Defendant admitted he put his BB gun in the compartment. On cross-examination, defendant first said he knew the compartment was where the air bag was supposed to be. When asked again if he knew the compartment was supposed to contain an air bag, he responded, "[n]ot really."

The trial court found defendant guilty and sentenced him to two years' imprisonment.

DECISION

The defendant directs a two-part constitutional attack on the secret compartment statute. He relies on the due process provisions of Amendments V and XIV of the United States Constitution, and Article I, section 2, of the Illinois Constitution. U.S. Const., amends. V, XIV; Ill. Const. 1970, art. I, § 2.

First, he contends the statute is unconstitutionally vague.

Second, he contends the statute sweeps too broadly and potentially punishes innocent conduct.

Although the defendant did not raise these constitutional issues in the trial court, he has the right to challenge the statute for the first time on appeal. People v. Christy, 139 Ill. 2d 172, 176, 564 N.E.2d 770 (1990). The State does not contend otherwise.

As we analyze the secret compartment statute we bear in mind certain principles a court must apply when considering whether a statute is constitutional. A statute is presumed constitutional, and the party challenging its constitutionality bears the burden of demonstrating its invalidity. In re K.C., 186 Ill. 2d 542, 550, 714 N.E.2d 491 (1999). We have a duty to construe a statute in a manner that upholds its constitutionality if reasonably possible. People v. Shephard, 152 Ill. 2d 489, 499, 605 N.E.2d 518 (1992). We conduct a de novo review of its constitutionality. People v. Malchow, 193 Ill. 2d 413, 418, 739 N.E.2d 433 (2000).

We now examine the secret compartment statute.

I. Statute

Subsections (a) and (b) of section 12-612 create Class 4 felonies:

"(a) Offenses. It is unlawful for any person to own or operate any motor vehicle he or she knows to contain a false or secret compartment. It is unlawful for any person to knowingly install, create, build, or fabricate in any motor vehicle a false or secret compartment.

(b) Definitions. For purposes of this section, a "false or secret compartment" means any enclosure that is intended and designed to be used to conceal, hide, and prevent

discovery by law enforcement officers of the false or secret compartment or its contents, and which is integrated into a vehicle. For purposes of this Section, a person's intention to use a false or secret compartment to conceal the contents of the compartment from a law enforcement officer may be inferred from factors including but not limited to, the discovery of a person, firearm, controlled substance, or other contraband within the false or secret compartment, or from the discovery of evidence of the previous placement of a person, firearm, controlled substance, or other contraband within the false or secret compartment." 625 ILCS 5/12-612(a), (b) (West 2004).

Subsection (c) of the statute provides that the vehicle containing a false or secret compartment, as well as any items in it, shall be subject to seizure by law enforcement officers.

We read the statute as creating separate offenses. The statute is violated when an owner or operator of a vehicle knows the vehicle contains a false or secret compartment or knowingly installs, creates, builds, or fabricates a false or secret compartment in the vehicle, and the owner or operator intends and designs the compartment to conceal, hide, and prevent discovery of the compartment by law enforcement officers.

The statute also is violated when the owner or operator knows the vehicle

contains a false or secret compartment or knowingly installs, creates, builds, or fabricates a false or secret compartment in the vehicle, <u>and</u> he intends to conceal, hide, and prevent discovery by law enforcement officers of the contents of the compartment.

In all instances, the compartment must be integrated into the vehicle. Where the hiding of contents is concerned, the statute lists non-exclusive factors to infer the person's intent to conceal.

Deciding which part of the statute this defendant was convicted of violating is not a simple matter. The one-count Information filed against him alleges only the first sentence of subsection (a), but does not charge any of the "intent and design" required by subsection (b). That is, all that is alleged is that defendant "owned or operated a motor vehicle, to wit, a 1992 Oldsmobile, which he knew to contain a false or secret compartment." No crime there. Our best reading of the trial court's comments at the time of conviction leads us to conclude it found defendant guilty of knowingly driving a vehicle with a secret compartment designed and intended to conceal the compartment <u>and</u> its contents from the police. Since the defendant never has contended he was not charged with a crime, we move on to consider his constitutional claims. See <u>People v. Okundaye</u>, 189 Ill. App. 3d 601, 606, 545 N.E.2d 505 (1989).

II. Vagueness

A vagueness challenge is a due process challenge that examines whether a statute " 'give[s] [a] person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly.' " <u>People v. Greco</u>, 204 Ill. 2d 400, 416, 790 N.E.2d 846 (2003), quoting <u>Russell v. Department of Natural Resources</u>, 183

Ill. 2d 434, 442, 701 N.E.2d 1056 (1998). A statute is unconstitutionally vague if its "terms are so ill-defined that the ultimate decision as to [its] meaning rests on the opinions and whims of the trier of fact rather than objective criteria or facts." People v. Boclair, 202 Ill. 2d 89, 103, 789 N.E.2d 734 (2002); People v. Parker, 354 Ill. App. 3d 40, 48, 820 N.E.2d 1016 (2004). However, a statute will not be rendered unconstitutionally vague merely because one can imagine hypothetical disputes over the meaning of certain terms. Greco, 204 Ill. 2d at 416.

We first address the issue of defendant's standing to challenge the statute. Vagueness challenges to statutes that do not involve first amendment freedoms are to be analyzed in light of the particular facts of the case. Greco, 204 Ill. 2d at 857. In this case, the secret compartment statute does not implicate any first amendment rights; therefore, any vagueness challenges must be reviewed based on the facts of the case. See Parker, 354 Ill. App. 3d at 48.

In Parker, after searching the defendant's minivan, a police expert in secret compartments discovered a 9mm handgun in a secret compartment built into the dashboard and found more than four kilograms of cocaine hidden in secret compartments located in the rear of the van. Following a bench trial, the defendant was convicted of operating a vehicle with an illegal secret compartment under section 12-612 of the Code.

We found defendant had no standing to challenge the secret compartment statute on vagueness grounds because he offered no proof the statutory language did not clearly prohibit the conduct he was charged with. Parker, 354 Ill. App. 3d at 48.

Here, defendant seeks to challenge the validity of the secret compartment statute as it applies to his particular case. Unlike Parker, the allegedly secret compartment in defendant's dashboard did not contain any contraband, firearms, or drugs. Instead, the police recovered a vehicle owner's manual and a BB gun from the compartment. It is not a crime to possess a BB gun unless it is used in a dangerous manner. People v. Ligon, 365 Ill. App. 3d 109, 116, 847 N.E.2d 763 (2006). In light of the facts of this case, we find defendant has standing to raise the issue of whether the statute's language was vague as applied. See Jihan, 127 Ill. 2d at 386.

While the statute contains words that are not defined–-"intended and designed" and "integrated," for example–-we will assume the terms have their "ordinary and popularly understood meaning." People v. Bailey, 167 Ill. 2d 210, 229, 657 N.E.2d 953 (1995). A meaningful reading of the statute requires a committed attention span and the skills of a linguist. At the same time, we are unable to say it does not convey "sufficiently definite warnings that can be understood when measured by common understanding and practices." Bailey, 167 Ill. 2d at 229.

We conclude when a person owns or drives a vehicle knowing it contains an integrated hidden false or secret compartment he is put on notice he is violating the statute if he intends to conceal the compartment or its contents from law enforcement authorities. For that reason we find the statute was not so vague that it violates due process of law under the facts of this case. See People v. Braddock, 348 Ill. App. 3d 115, 121, 809 N.E.2d 712 (2004).

Of course, saying the statute is not unconstitutionally vague is not the same thing

as saying it does not have some other constitutional infirmity.

III. Substantive Due Process

The defendant contends the statute sweeps too broadly and encompasses innocent conduct, thus offending the defendant's right to substantive due process. While the statute requires the defendant to own or operate a motor vehicle knowing it has a hidden or secret compartment, he says it requires no criminal mental state and potentially punishes innocent conduct. We agree with the defendant.

The secret compartment statute is not violated unless the defendant intends and designs the compartment to conceal, hide, and prevent discovery of it or its contents by law enforcement officers. The statute does not require that contraband or the fruits or tools of crime be found in the compartment, although it does contain a nonexclusive list of facts that would support an inference of intent to conceal. Here, a BB gun, legal to possess, was found partially in and partially out of the open compartment.

Because the statute is ambiguous in its wording, we have examined the legislative proceedings of March and May, 1999, when it first was approved as a Class C misdemeanor, and the later elevation of the offense to a Class 4 felony in July 2003. See People v. Zaremba, 158 Ill. 2d 36, 40, 630 N.E.2d 797 (1994). Repeatedly, the sponsors of the bill spoke to its purpose--to punish those who use secret compartments in vehicles to carry guns, narcotics, or other contraband. We give some weight to the comments of a bill's sponsor. See People v. Cooksey, 309 Ill. App. 3d 839, 847, 723 N.E.2d 784 (1999).

For example, Senator Madigan:

"To protect police by prohibiting the installation and use of what are known as traps *** That compartment would then be either put on an electromagnet or a hydraulic system and would then be used to conceal weapons." 91st Ill. Gen. Assem., Senate Proceedings, March 25, 1999, at 257.

And the House sponsor, Representative Franks, during a contentious debate, said the intent of the statute was not to punish the driver of the car if there is nothing in the secret compartment. "It has to be used for criminal purposes. *** This Bill makes it a crime to use secret compartments to hide guns and contraband from police officers." 91st Ill. Gen. Assem., House Proceedings, May 5, 1999, at 114, 116. And, "you have to have both the compartment and the contraband and the intent to hide it from law enforcement officials." 91st Ill. Gen. Assem., House Proceedings, May 11, 1999, at 39.

Legislative intent to include illegal purpose in the statute was apparent in 2003, when the severity of the offense was increased: "The Bill is to deal with illegal contraband." 93rd Ill. Gen. Assem., House Proceedings, May 8, 2003, at 67 (statements of Representative Acevedo).

It is clear to us the legislature had salutary goals in mind--to stop the use of vehicular secret compartments to hide guns, narcotics, and other contraband. Unfortunately, the statute does much more. It goes far beyond criminal purpose and sweeps in conduct we consider innocent. It does not require a criminal purpose.

In our view, an owner or driver who uses his concealed compartment to keep

legally possessed items from view of law enforcement officers has no criminal purpose. Whether the item is cash, jewelry, a risque magazine, a confidential file, or a BB gun, the owner or driver has the right to keep it from prying eyes––whether or not those eyes are official.

We do not agree with the State's contention that the plain language of the statute does not criminalize the concealment of legally possessed items in the compartment. We think it does. The list of "a person, firearm, controlled substance, or other contraband," as it applied to a permissible inference under the "contents" portion of the statute, is not exclusive. The list is "including, but not limited to." For example, the BB gun in this case would not come within the contraband list.

The State also contends we decided this facial validity issue in Parker. We did not. In Parker we did not consider whether the secret compartment's provisions sweep too broadly and encompass innocent conduct, thus violating the due process provisions of the United States and Illinois Constitutions.

We rely on four Illinois Supreme Court decisions to reach our conclusion that the statute is unconstitutional on its face because it does not require that the offender have a criminal purpose. They are: People v. Wright, 194 Ill. 2d 1, 25, 740 N.E.2d 755 (2000); In re K.C., 186 Ill. 2d 542, 714 N.E.2d 491 (1999); People v. Zaremba, 158 Ill. 2d 36, 630 N.E.2d 797 (1994); and People v. Wick, 107 Ill. 2d 62, 481 N.E.2d 676 (1985). In each case the supreme court held that because the statute at issue did not require a culpable mental state, it could be read to apply to wholly innocent conduct. In each case the supreme court held the statute did not possess a rational relationship to

˘11˘

its intended purpose.

In Wright, a provision of the Illinois Vehicle Code required certain licensed individuals to maintain records for three years at their places of business. Anyone who "knowingly" failed to keep the records was guilty of a Class 2 felony. 625 ILCS 5/5-401.2(i) (West 1996). The defendant failed to keep the records. The court held the intent of the statute was to prevent trafficking in stolen vehicles and their parts. Section 5-401.2(i), however, was not reasonably designed to achieve its purpose. Wright, 194 Ill. 2d at 28. "For example, an individual who knowingly fails to record the color of a single vehicle could be convicted of failure to keep records, even if that failure were caused by a disability, family crisis, or incompetence." Because the statute potentially subjected such innocent conduct to such a severe penalty, the court found it did not contain a reasonable means of preventing the trafficking of stolen vehicles and parts. Wright, 194 Ill. 2d at 28.

In In re K.C., a provision of the Illinois Vehicle Code made it illegal for a person, without authority, to tamper with, damage, or enter into a vehicle. 625 ILCS 5/4-102 (West 1996). The court held that although the prevention of vandalism and malicious mischief were undoubtably "laudable goals," protecting otherwise innocent conduct from criminal prosecution was an equally laudable goal. In re K.C., 186 Ill. 2d at 553. The court noted section 4-102 swept too broadly because it could potentially be used to imprison Good Samaritans, errant baseball batters, and even wedding parties, all of whom possessed wholly innocent motives. In re K.C., 186 Ill. 2d at 553.

In Zaremba, a section of the Illinois Theft Statute made it a felony for a person to

ˇ12ˇ

knowingly obtain or exert control over property in the custody of any law enforcement agency where that person has been officially informed the property was stolen. Ill. Rev. Stat. 1989, ch. 38, par. 16-1(a)(5). The court found the statute's purpose was to enable law enforcement officers to conduct undercover operations aimed at breaking up fencing operations. The court held, however, that the statute failed the rational basis test because it could be used to punish innocent conduct. Because section 16-1(a)(5) contained no culpable mental state, it could potentially subject innocent conduct, such as an evidence technician's legitimate custody of stolen property, to a felony penalty. Zaremba, 158 Ill. 2d at 42-43.

Finally, in Wick, the court invalidated a section of the aggravated arson statute that made it a Class X felony to knowingly damage a building by fire that caused injury to a fireman or police officer at the scene. Ill. Rev. Stat. 1981, ch. 38, par. 20-1.1(a)(3). The court held the statute swept too broadly, taking in innocent conduct, such as a farmer who burned his deteriorated barn to clear space for a new one. Wick, 107 Ill. 2d at 67.

A common theme runs through all of the cases cited by defendant. Each statute had the capacity to sweep in innocent people who could reasonably believe they were engaging in lawful activity. That is, the acts that comprised the offenses were not necessarily criminal in nature. The statutes did not accomplish their legislative purpose.

We apply the "rational basis" test to this statute. See People v. Hamm, 149 Ill. 2d 201, 216, 595 N.E.2d 540 (1992). Under this test, the question is whether the statute bears a reasonable relationship to a public interest to be served, "and the means

˘13˘

adopted are a reasonable method of accomplishing the desired objective." Wright, 194 Ill. 2d at 24. We believe this secret compartment statute, on its face, fails the test. We find the statute violates the due process provisions of the United States and Illinois Constitutions.

We recognize there is some authority for using a method that would allow us to save the statute. In People v. Tolliver, 147 Ill. 2d 397, 589 N.E.2d 527 (1992), the statute being challenged on the grounds of constitutional overbreadth, section 4-104(a)(2) of the Illinois Vehicle Code, made it a crime to knowingly possess a vehicle title without authority or complete assignment. The statute did not require a criminal intent or purpose. The court recognized the statute created the risk of punishing innocent conduct, while it also served to prevent car theft. The court simply determined that in order to violate the statute the accused had to possess the incomplete title with criminal knowledge, "in other words, knowledge plus criminal purpose." Tolliver, 147 Ill. 2d at 403.

We opt to take the secret compartment statute as it is written. We do not believe it would be appropriate for this court to add the words required to satisfy the right to due process. That is the business of the legislature.

IV. Other Issues

The defendant raises other issues concerning the weight of the State's evidence against him and certain comments by the trial court when announcing its verdict of guilty. Because we find the statute he was convicted of violating is unconstitutional, we see no reason to address other issues.

CONCLUSION

We conclude the secret compartment statute is unconstitutional on its face in that it violates the due process clauses of the United States and Illinois constitutions. The defendant's conviction is reversed.

Reversed.

SOUTH, and HALL, JJ., concur.